LAWRENCE G. WASDEN
ATTORNEY GENERAL

STEVEN L. OLSEN, ISB #3586
Chief of Civil Litigation

MICHAEL S. GILMORE, ISB # 1625
KATHERINE TAKASUGI, ISB #5208
Deputy Attorneys General
954 W. Jefferson Street, 2nd Floor
P.O. Box 83720
Boise, ID  83720-0010
Telephone:    (208) 334-2400
Facsimile:     (208) 854-8073
     Attorney for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| K.W., by his next friend D.W.; C.M.; C.L.; A.L., through her guardian E.B..; K.S., through his next friend S.S.; Matthew S., through his guardian V.S.; N.R., through her next friend G.R.; T.F., through her guardian R.F.; T.M., through his guardian T.W.; B.B., through his next friend D.B.; R.P., through her guardian T.P.; Marcia S., through her guardian D.S., <br><br>             Plaintiffs, <br><br>vs. <br><br>RICHARD ARMSTRONG, in his official capacity as Director of the Idaho Department of Health and Welfare; PAUL LEARY, in his official capacity as Medicaid Administrator of the Idaho Department of Health and Welfare; and the IDAHO DEPARTMENT OF HEALTH AND WELFARE, a department of the State of Idaho, <br><br>             Defendant. | Case No. 1:12-cv-00022-BLW <br><br>**DECLARATION OF KATHERINE TAKASUGI** |

## DECLARATION OF KATHERINE TAKASUGI

I, KATHERINE TAKASUGI, declare as follows:

1. I am employed by the Idaho Attorney General's Office and I am one of the attorneys of record in this case.

2. On January 27, 2012, I caused to be e-mailed and sent by U.S. mail a letter to Plaintiffs' attorney, Richard Eppink, indicating that Defendants would release the budget calculating tool and the calculation variables with weights to the plaintiffs in this case on the condition that the parties enter into a confidentiality agreement. Attached hereto as Exhibit "A" is a true and correct copy of the e-mail, attached hereto as Exhibit "B" is a true and correct copy of the letter, and attached hereto as Exhibit "C" is a true and correct copy of the confidentiality agreement.

3. On January 30, 2012, I received a letter from Mr. Eppink responding to my letter, dated January 27, 2012. Attached hereto as Exhibit "D" is a true and correct copy of Mr. Eppink's letter.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED this 30th of January 2012.

By _____
KATHERINE TAKASUGI

************************************************************

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of January 2012, I caused to be electronically filed the foregoing DECLARATION OF KATHERINE TAKASUGI with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Richard Alan Eppink
ritchieepink@idaholegalaid.org

                                       KATHERINE TAKASUGI
                                       Deputy Attorney General

# Takasugi, Kathy

| | |
|---|---|
| **From:** | Massano, Reta |
| **Sent:** | Friday, January 27, 2012 12:15 PM |
| **To:** | 'ritchieeppink@idaholegalaid.org' |
| **Cc:** | Takasugi, Kathy; Gilmore, Mike |
| **Subject:** | K.W., et al v. Armstrong, et al. |
| **Attachments:** | Correspondence.pdf; Confidentiality Agreement.pdf |

Dear Mr. Eppink:

Attached please find correspondence from Deputy Attorney General Kathy Takasugi and a proposed Confidentiality Agreement.


Correspondence.pdf (50 KB)


Confidentiality Agreement.pdf ...

Reta Massano
Legal Secretary
Civil Litigation
Office of the Attorney General
PO Box 83720
Boise ID 83720-0010
Telephone: (208) 334-4117
Facsimile: (208) 854-8073
reta.massano@ag.idaho.gov

1


EXHIBIT A



**STATE OF IDAHO**
OFFICE OF THE ATTORNEY GENERAL
LAWRENCE G. WASDEN

*Via email and first class* mail

January 27, 2012

Richard Eppink
IDAHO LEGAL AID SERVICES, INC.
310 North Fifth Street
Boise, ID 83702

    Re: *K.W. et al. v. Armstrong, et al.*, Case No. 1:12-cv-00022-BLW

Dear Mr. Eppink

The Idaho Department of Health and Welfare has determined it will release the budget calculating tool and the calculation variables with weights to the plaintiffs in this case on the condition that the parties enter into the enclosed confidentiality agreement. In doing so, the Department does not waive any defenses with regard to the claims related to the budget calculating tool and methodology in an appeal.

Subsequent to signing the confidentiality agreement and release of the information, should you have questions regarding the budget calculating tool, the Department will arrange a time for you to meet with the department's attorney and principal research analyst.

Please let me know if this is agreeable to you and your clients. If you believe that it would be reasonable to stay any of the plaintiffs' pending cases in light of this offer, please contact me.

Sincerely yours,

Katherine Takasugi
Deputy Attorney General

Enclosure

Civil Litigation Division
P.O. Box 83720, Boise, Idaho 83720-0010
Telephone: (208) 334-2400, FAX: (208) 854-8073
Located at 954 W. Jefferson 2nd Floor

EXHIBIT B

CONFIDENTIALITY AGREEMENT

THIS AGREEMENT is made this _____ day of _____, 2012, between the Idaho Department of Health and Welfare (hereinafter "Disclosing Party"), and _____ (hereinafter "Receiving Party").

**Background**

A.   The Disclosing Party administers and provides Developmental Disabilities Services to eligible adults with developmental disabilities through its Bureau of Developmental Disabilities Services program. The Developmental Disabilities Services program ("DDS") is a part of the Medicaid program administered by the Disclosing Party. The Disclosing Party must make a final determination of an individual's eligibility for DDS based upon the assessments and evaluations administered by the Disclosing Party or its agents. Initial and annual assessments must be performed by the Disclosing Party or its agents under the DDS program. The purpose of the assessment is to determine a participant's eligibility for DDS in accordance with Idaho Code § 66-402 and IDAPA 16.03.10.500 through 16.03.10.506 and for Intermediate Care Facility for Persons with Intellectual Disabilities ("ICF/ID") level of care for waiver services in accordance with IDAPA 16.03.10.584.

B.   Once an individual is determined to meet the eligibility standards, the Disclosing Party sets an individualized budget for each participant according to an individualized measurement of the participant's functional abilities, behavioral limitations and medical needs related to the participant's disability. Using these specific participant's factors, the budget-setting methodology will correlate a participant's characteristics with the participant's individualized budget amount, so that the participant's individualized budget amount is set at a level that will meet the participant's needs.

C.   The Disclosing Party notifies each participant of his or her eligibility for DDS, whether they meet the ICF/ID level of care criteria and the participant's individualized budget. The participant may appeal the Disclosing Party's decision by requesting a hearing and filing the notice of appeal within 28 days from the date of the notice.

D.   The Disclosing Party considers individual assessments and the calculated budgets made from those individual assessments to be confidential information that will not be disclosed to any persons other than the individual, his/her attorney and the attorney's staff or experts or consultants, or other persons authorized by law to see them.

NOW THEREFORE, the parties hereto, intending to be legally bound in consideration of the mutual covenants and agreements set forth herein, hereby agree as follows:

1.   Definitions:

   a.   The Disclosing Party is the Idaho Department of Health and Welfare who is the party that is disclosing the budget-setting methodology to the Receiving Party.

CONFIDENTIALITY AGREEMENT - 1


EXHIBIT C

b. The Receiving Party is a participant of the DDS program and has been found to be eligible for DDS and the Receiving Party has the right to appeal the participant's individualized budget amount.

2. The Disclosing Party will provide to the Receiving Party the budget-setting methodology by providing the calculation variables and weights used for an individual participant's calculated budget. The disclosure will be in the form of copies of a spreadsheet print-out that will show each individual item that is summed to determine the calculated budget. The disclosure will also provide a phone number of a person employed by the Disclosing Party who can answer questions about the spreadsheet and the numbers and formulas used in it.

3. The Receiving Party acknowledges and agrees that the details of the budget-setting methodology provided pursuant to paragraph 2 may not be discussed or revealed to anyone, in any manner, except for purposes of administrative appeal and judicial review and appeal of the individualized budget amount for the budget year for which it was calculated.

4. The Receiving Party agrees to safeguard the budget-setting methodology that has been disclosed under this agreement and agrees that:

    a. The information will be used only for the purposes specified in paragraph 3 of this agreement, and for no other purposes including use of the budget-setting methodology in future budget assessments conducted by the Disclosing Party and its agents.

    b. The information will be stored in a place physically secure from access by unauthorized persons.

    c. Precautions will be taken to ensure that only authorized persons are given access to the information.

    d. Every individual with access to the information will be instructed about the confidentiality requirements specified in this agreement and such individual will be instructed to take such measures to protect its disclosure.

    e. The disclosed information will be disposed of after the purpose of the disclosure has been served, except when possessed by any court, by destroying the information.

    f. The Disclosing Party retains all ownership rights to the data it provides, and the Receiving Party does not obtain any right, title, or interest in any of the data furnished by the Disclosing Party.

    g. The confidentiality of all data obtained from the Disclosing Party for the purposes set forth in paragraph 3 will be protected as mandated by state and federal laws and regulations, including but not limited to:

        i. IDHW Rules Governing Use and Disclosure of Department Records (IDAPA 16.05.01);
        ii. Idaho Code § 9-340D;
        iii. Safeguarding Information on Applicants and Recipients, 42 C.F.R. §§ 431.300 *et seq.*;
        iv. Use and Disclosure of Income and Eligibility Information, 42 C.F.R. §§ 435.940 *et seq.*; and

    v.  Health Insurance Portability and Accountability Act of 1996 (HIPAA), 42 U.S.C. §§ 1320d *et seq.*, and implementing regulations at 45 CFR Parts 160, 162, and 164.

5. The Receiving Party agrees to the immediate surrender of the disclosed information obtained under this agreement, including copies of it in any form, if the Disclosing Party determines that the Receiving Party has failed to adhere to the requirements of this agreement.

6. The Receiving Party acknowledges that the Disclosing Party may take any remedial actions permitted under the state law to enforce this agreement, including seeking damages, penalties, restitution, attorney's fees and costs incurred by the Disclosing Party in any breach of this agreement.

7. The Signator attests that he/she is authorized by the Receiving Party to bind the Receiving Party to the terms of this agreement and has read, understands and agrees to all of its requirements.

| Idaho Legal Aid Services, Inc. | State of Idaho<br>Department of Health & Welfare |
|---|---|
| _____<br>(Signature of Third Party Representative on behalf of _____<br>Participant (Printed Name)) | _____<br>Signature of Representative |
|  | _____<br>(Printed Name of Representative) |
| _____<br>(Printed Name of Third Party Representative) |  |

STATE OF IDAHO )
       ) ss.
County of _____)

  On this _____ day of _____, 2012, before me personally appeared _____ known or identified to me to be the person whose name is subscribed to the foregoing and acknowledged to me that he/she voluntarily executed the same.

  SUBSCRIBED AND SWORN TO before me this _____ day of _____ 2012.

            _____
            Notary Public for Idaho
            My Commission Expires:_____



# IDAHO LEGAL AID SERVICES

*Boise Office*
*www.idaholegalaid.org*

310 North 5th Street
Boise, ID 83702
208/345/0106
Fax 208/342/2561

January 30, 2012

KATHERINE TAKASUGI
IDAHO ATTORNEY GENERAL'S OFFICE
PO BOX 83720
BOISE ID 83720-0010
*By U.S. mail and by fax to:* (208) 854-8073

    Re:    *K.W. et al. v. Armstrong et al.*, D. Idaho No. 12-cv-00022-BLW

Dear Ms. Takasugi:

    Thank you for your letter dated January 27, 2012, proposing to release the IDHW budget calculating tool to my clients if they capitulate to detailed confidentiality terms. My clients definitely want immediate access to the budget tool, as well as prior versions of it, so that they can evaluate whether their individual budgets were calculated appropriately and so that their administrative hearings will be meaningful adjudications.

    Neither your letter nor the proposed confidentiality agreement, however, identify any authority for IDHW to impose confidentiality requirements when releasing information to a Medicaid participant from their own file and which is required to be open for public inspection, as well. Prior to your letter, your client's position had been that the budget tool and methodology were exempt from public disclosure by the Idaho Public Records Law. Your letter and proposed agreement, indicate that IDHW now concedes that the I.C. §§ 9-340D(1) and (15) exemptions do not apply. Under what authority does IDHW now request a confidentiality agreement?

    Also, a number of the terms in the confidentiality agreement are also confusing or oppressive. Paragraph 4(g) on page two—requiring my clients to comply with the Idaho Public Records Law, IDHW's records policies, and federal grant requirements—would impose governmental obligations upon private individuals. My clients have no existing obligation to comply with those laws and regulatory regimes, they do not have the capacity to comply with requirements designed for governments, and IDHW has no authority to delegate its responsibilities to my clients.

**Administrative Office**

310 North 5th Street
Boise, ID 83702-5907
208/336/8980



EXHIBIT D

K. Takasugi re: *K.W. et al. v. Armstrong et al.*, D. Idaho No. 12-cv-00022-BLW
January 30, 2012
Page 2

Background paragraph B would require my clients to agree (and, according to page 3 of the agreement, swear upon oath) that the budget methodology sets an individualized budget amount "at a level that will meet the participant's needs." My clients strenuously disagree that it does.

Paragraph 2 indicates that IDHW will disclose only the methodology's variables and weights, a "print-out" of the spreadsheet used to calculate each client's budget, and a phone number for an IDHW employee who can answer questions. My clients are entitled to electronic copies of the spreadsheet used to calculate their budget in this year and all prior years and versions, as well as all descriptions and other records about the budget methodology. A print-out and a phone number do not give my clients a reasonable opportunity to meet IDHW's evidence in a contested case.

Paragraph 6 and the law of contract would expose my clients to liability for "damages, penalties, restitution, attorney's fees and costs" merely for receiving information they are entitled to review under the United States Constitution, the Medicaid Act, and state law. As the privacy interests in this data are my clients' rather than IDHW's, I can only speculate what injury IDHW could possibly suffer if its budget tool and methodology were disclosed. Would you please provide some examples of the damages it contemplates?

Furthermore, my clients intend to seek all versions of the budget tool and all other information about the methodology through lawful discovery in this case. Please let me know now if IDHW intends to object to discovery requests for that information so that we can schedule a time to meet and confer about those objections before either side, or the court, wastes too many resources on the paperwork of formal discovery.

These issues are not all of the questions and concerns I have with the proposed agreement. However, I look forward to receiving responses to my questions and requests in this letter, and I will again consider the proposed agreement after I receive them.

Yours sincerely,

IDAHO LEGAL AID SERVICES, INC.

Richard Adam Eppink
Attorney at Law