LAWRENCE G. WASDEN
ATTORNEY GENERAL

STEVEN L. OLSEN, ISB #3586
Chief of Civil Litigation

MICHAEL S. GILMORE, ISB # 1625
KATHERINE TAKASUGI, ISB #5208
Deputy Attorneys General
954 W. Jefferson Street, 2nd Floor
P.O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
    Attorney for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| K.W., by his next friend D.W.; C.M.; C.L.; A.L., through her guardian E.B..; K.S., through his next friend S.S.; Matthew S., through his guardian V.S.; N.R., through her next friend G.R.; T.F., through her guardian R.F.; T.M., through his guardian T.W.; B.B., through his next friend D.B.; R.P., through her guardian T.P.; Marcia S., through her guardian D.S.,<br><br>Plaintiffs,<br><br>vs.<br><br>RICHARD ARMSTRONG, in his official capacity as Director of the Idaho Department of Health and Welfare; PAUL LEARY, in his official capacity as Medicaid Administrator of the Idaho Department of Health and Welfare; and the IDAHO DEPARTMENT OF HEALTH AND WELFARE, a department of the State of Idaho,<br><br>Defendant. | Case No. 1:12-cv-00022-BLW<br><br>**DECLARATION OF ELAINE ELLISON** |

DECLARATION OF ELAINE ELLISON - 1

## DECLARATION OF ELAINE ELLISON

I, ELAINE ELLISON, declare as follows:

1. My name is Elaine Ellison. I am employed with the Idaho Department of Health and Welfare ("department") and I have worked for the department for approximately seventeen (17) years. My job title is Human Services Regional Program Specialist. My job duties include the initial review of eligibility, budget or service denial appeals submitted to the Administrative Procedures Section ("APS") of the department by, or on behalf of, adults requesting developmental disabilities services ("DDS").

2. The department administers and provides Developmental Disabilities Services to eligible adults with developmental disabilities through its Bureau of Developmental Disabilities Services program ("bureau"). The Developmental Disabilities Services program ("DDS program") is a part of the Medicaid program administered by the department. Under the department's rules, the bureau must make a final determination of an individual's eligibility for DDS based upon the assessments and evaluations administered by the bureau or its agents. Initial and annual assessments must be performed by the bureau or its agents under the DDS program. The purpose of the assessment is to determine a participant's eligibility for developmental disabilities services in accordance with Idaho Code § 66-402 and IDAPA 16.03.10.500 through 16.03.10.506 and for Intermediate Care Facility for Persons with Intellectual Disabilities ("ICF/ID") level of care for waiver services in accordance with IDAPA 16.03.10.584.

3. Once an individual is determined to meet the eligibility standards, the bureau sets an individualized budget for each participant according to an individualized measurement of the participant's functional abilities, behavioral limitations, and medical needs, related to the participant's disability. These individualized measurements or participant factors are recorded on the Inventory of Individual's Needs. Using these specific participant's factors, the budget-setting methodology will correlate a participant's characteristics with the participant's individualized budget amount, so that

the participant's individualized budget amount is set at a level that will meet the participant's needs.

4. The Bureau notifies each participant of his or her eligibility for developmental disabilities services, whether they meet the Intermediate Care Facility for Persons with Intellectual Disabilities ("ICF/ID") level of care criteria and the participant's individualized budget. The participant may appeal the bureau's decision by requesting a hearing and filing the notice of appeal within 28 days from the date of the notice.

5. The bureau in collaboration with the participant must assure that the participant has one plan of service which is based on the individualized budget. The plan of service must identify the type of service to be delivered, the goals to be addressed within the plan year, frequency of supports and services and identified service providers.

6. Upon receipt of a participant's appeal, I or other DDS staff or its agents conduct an informal review of the information available to the bureau as it relates to the appeal of an eligibility, budget or service plan denial determination. The review is conducted to see if the information available to the bureau or its agents at the time the eligibility, budget or service denial decision was made supports the bureau's determination. The review evaluates whether proper process was followed in relation to looking at all information and determining whether there are discrepancies between the Inventory of Individual Needs and other assessment information. If the informal review indicates that the budget was calculated using information on the Inventory of Individual Needs that reflects the individual's current level of functioning and that there were no needs identified for the individual outside of what was addressed by the inventory, then the case is forwarded to the Hearing Officer to schedule for hearing. Prior to centralizing the informal review process the Department had a regional reconsideration process. This reconsideration process was discontinued last year due to inconsistencies in how additional budget dollars were approved by different personnel across the state.

DECLARATION OF ELAINE ELLISON - 3

7. I have personal knowledge regarding participant C.M. and her calculated budget for the 2011-2012 plan year and her assigned budget for the 2010-2011 plan year. C.M. requested through the Bureau's reconsideration process an additional amount in the tens of thousands of dollars to be added to her calculated budget for 2010-2011 plan year to cover the cost of constructing a deck and ramp to the front door of her residence and replacement of the natural support provided by her daughter during the nighttime hours, who was going to move from the home to attend school. IDAPA 16.03.10.508.24 defines "Support" as formal or informal services and activities, not paid for by the Department, that enable the individual to reside safely and effectively in the setting of his/her choice. In response to these two considerations the bureau completed the reconsideration process and increased C.M.'s budget by tens of thousands of dollars resulting in an assigned budget of $105,500. I have reviewed the spending report for the 2010-2011 plan year, which runs from June 3, 2010 to June 2, 2011, and found that the amounts reimbursed for all supports and services provided to C.M. during this time period included one-time expenditures of the following that totaled in five figures:

- construction of a ramp and deck to the front of the home;
- improvements to the road leading to C.M.'s residence.
- a hydraulic standing/transfer machine.

C.M.'s calculated budget for the 2011-2012 plan year is $82,576.32.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 30th day of January 2012.

_____
ELAINE ELLISON

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of January 2012, I caused to be electronically filed the foregoing DECLARATION OF ELAINE ELLISON with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Richard Alan Eppink
ritchieepink@idaholegalaid.org

_____
KATHERINE TAKASUGI