LAWRENCE G. WASDEN
ATTORNEY GENERAL

STEVEN L. OLSEN, ISB #3586
Chief of Civil Litigation

MICHAEL S. GILMORE, ISB # 1625
KATHERINE TAKASUGI, ISB #5208
Deputy Attorneys General
954 W. Jefferson Street, 2nd Floor
P.O. Box 83720
Boise, ID  83720-0010
Telephone:  (208) 334-2400
Facsimile:   (208) 854-8073
     Attorney for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| K.W., by his next friend D.W.; C.M.; C.L.; A.L., through her guardian E.B..; K.S., through his next friend S.S.; Matthew S., through his guardian V.S.; N.R., through her next friend G.R.; T.F., through her guardian R.F.; T.M., through his guardian T.W.; B.B., through his next friend D.B.; R.P., through her guardian T.P.; Marcia S., through her guardian D.S.,<br><br>            Plaintiffs,<br><br>vs.<br><br>RICHARD ARMSTRONG, in his official capacity as Director of the Idaho Department of Health and Welfare; PAUL LEARY, in his official capacity as Medicaid Administrator of the Idaho Department of Health and Welfare; and the IDAHO DEPARTMENT OF HEALTH AND WELFARE, a department of the State of Idaho,<br><br>            Defendant. | Case No. 1:12-cv-00022-BLW<br><br>**DECLARATION OF JEAN CHRISTENSEN** |

DECLARATION OF JEAN CHRISTENSEN - 1

## DECLARATION OF JEAN CHRISTENSEN

I, JEAN CHRISTENSEN, declare as follows:

1. My name is Jean Christensen. I am employed with the Idaho Department of Health and Welfare and I have worked for the department for approximately 25 years. I have worked in a variety of positions. Currently my job title is Program Manager and I have worked in such capacity for seven years in the development and operations area for the Division of Medicaid, Bureau of Developmental Disabilities Services ("BDDS" or "Bureau"). My duties include managing the BDDS program to achieve cross regional compliance and consistency in Medicaid service authorization and program management for individuals with developmental disabilities, provide program expertise and technical assistance, establish regional program objectives and operating procedures in accordance with state plans, policies, rules and regulations, monitor programs for quality assurance, insure availability of providers for core developmental disabilities programs, provide supervision to BDDS staff in statewide hubs, manage and respond to complaints, perform community and division liaison responsibilities and manage regional Medicaid services office operations.

2. BDDS performs initial and annual assessments to determine a participant's eligibility for developmental disabilities services in accordance with Idaho Code § 66-402 and IDAPA 16.03.10.500 through 16.03.10.506 and for Intermediate Care Facility for People with Intellectual Disabilities ("ICF/ID") level of care of waiver services in accordance with 16.03.10.584.

3. BDDS or its agents set an individualized budget for each participant according to an individualized measurement of the participant's functional abilities, behavioral limitations and medical needs, related to the participant's disability. The measurements of the participant are recorded on the Individual's Inventory of Needs. Using the participant's factors, the budget-setting methodology will then correlate a

participant's characteristics with the participant's budget amount based on his individual needs.

4. BDDS's budget-setting methodology uses the Regression Statistical Methodology and the methodology has not changed. The model within the budget-setting methodology has been updated to meet the needs of the current general developmentally disabled population in Idaho. The updates included gathering data from the current participants within the BDDS program and inputting the information into the statistical method. The updated model identifies different variables and weights to assign an individual participant's budget.

5. On December 1, 2010, BDSS issued MA10-22 which notified interested parties that it would eliminate the process of reconsideration (as that term is used in the pre-fair hearing sense) and that any denial would be reconsidered as part of its standard administrative appeal process. The reconsideration process was a business operation process and was removed in July 2011 from the department's rules. A reconsideration of decision was an informal first step prior to Participant filing an appeal. The Bureau eliminated the process because of the inconsistency in which different BDDS staff made determinations for additional budget dollars. This practice often resulted in approved budgets that went beyond the scope of BDDS business processes and the IDAPA requirements of the developmental disabilities services program. In addition, BDDS found through statistical analysis that the calculated budgets were adequate for meeting the needs of approximately 85% of the adult participants in the BDDS program and the approval of additional dollars for 62% of service plans was inconsistent with the bureau's budget methodology analysis. BDDS made the decision to move to a more centralized review process to ensure the initial review of all appeal requests was completed consistent with BDDS business process and IDAPA rule.

6. The Department knows that approximately 15% of the BDDS program participants have a calculated budget that may need to be enhanced due to the

DECLARATION OF JEAN CHRISTENSEN - 3

significance of their level of need. Participants who believe their budget is not adequate to meet their needs may request additional budget dollars through the appeal process. Requests for additional dollars will be reviewed by BDDS for Medicaid services that address an assessed need and meet medical necessity criteria.

7. The Department offers a formal fair hearing process described in IDAPA 16.05.03 Contested Case Proceedings and Declaratory Rulings and this fair hearing process is also described in the Department's § 501(c) waiver. Any participant may appeal a decision made by the Department pursuant to these rules and required by Centers of Medicare and Medicaid Services.

8. Since January 1, 2011, BDDS has been conducting informal reviews as part of the appeal process to ensure that the initial review of all appeal requests is completed consistent with BDDS business processes and IDAPA requirements of the BDDS program. BDDS looks at each appeal request to determine if there are inaccuracies in the information given to the Independent Assessor, whether the correct protocol was followed to assign a budget and whether there is information that is not included in our Inventory of Needs that could result in health and safety barriers for the participant. If the reviewer determines there were issues with any of the above they will try to negotiate a resolution with the Participant to come to a compromise that will eliminate the need for a hearing. The Department, in an effort to consistently and objectively evaluate budget appeals, reviews participant assessments and other supporting documentation to determine if the responses on the Inventory of Individual Needs, which are used to calculate the participant's budget, represents the participant's current level of functioning and there are no needs outside of what is addressed by the Inventory. Once these factors have been established, the Department must also consider whether a request for additional budget dollars is based on a need for services that meet medical necessity criteria. Requests for additional dollars must be to purchase Medicaid services to protect the health and safety of the individual while they live in the community. Individualized

budgets will be re-evaluated annually. At the request of the participant, the Department will also re-evaluate the set budget amount when there are documented changes in the participant's condition resulting in a need for services that meet medical necessity criteria, and are not reflected on the current inventory of individual needs.

9. If Participants do not agree with the calculated budget, they may submit additional documents to show changes in the participant's condition resulting in a need for services that meet medical necessity criteria and have not been reflected on the Inventory of Individuals Needs, or that a need was not adequately or accurately captured by the assessment performed by the Department or its agents. The fair hearing process is available to any participant who desires to appeal any budget calculation.

10. The process for Exception Review of service plans was modified effective August 1, 2011, to only allow persons accessing Intense or High Support that required additional funding from what had then been given to those individuals as part of the budget assignment. This Exception Review is completed as part of the plan review process and the requests are evaluated on a case by case basis to determine if the documentation provided with the plan supports that without additional funding there would be health and safety issues for the participant.

11. The calculated budgets of participants of the BDDS program are established based on assessed needs, not services. Participants need to develop a service plan within their calculated budget, unless it has been determined through the appeal process that the budget was not calculated consistent with rule and process.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED this 3 0 day of January 2012.

_____
JEAN CHRISTENSEN

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of January 2012, I caused to be electronically filed the foregoing DECLARATION OF JEAN CHRISTENSEN with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Richard Alan Eppink
ritchieeppink@idaholegalaid.org

_____
KATHERINE TAKASUGI
Deputy Attorney General

DECLARATION OF JEAN CHRISTENSEN - 6