IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| K.W., by his next friend D.W, et al., <br><br> Plaintiff, <br><br> v. <br><br> RICHARD ARMSTRONG, in his official capacity as Director of the Idaho Department of Health and Welfare; PAUL LEARY, in his official capacity as Medicaid Administrator of the Idaho Department of Health and Welfare; and the IDAHO DEPARTMENT OF HEALTH AND WELFARE, a Department of the State of Idaho, <br><br> Defendants. | Case No.  1:12-CV-22-BLW <br><br> **TEMPORARY RESTRAINING ORDER** |

This Court has read the complaint, the Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction ("motion"), the declarations and other materials submitted in support of it, and the supporting briefs and the defendants' opposition, found at Dkt. Nos. 1 through 27.  On February 3, 2012, the Court held a hearing on the motion and heard oral argument from the plaintiffs' counsel, Richard Alan Eppink of Idaho Legal Aid Services, Inc., and the defendants' counsel, Michael S. Gilmore of the Office of the Attorney General of the State of Idaho.  From that review and argument, the Court has determined that there is good cause to issue a Temporary Restraining Order prohibiting Defendants Armstrong and Leary, and any person acting for or in concert with them, from reducing any of the Medicaid services that

**TRO - 1**

the plaintiffs were receiving through Idaho's Medicaid Developmental Disabilities ("DD") program without first providing adequate and court-approved notice and fair hearing.

The Court reaches this conclusion because the plaintiffs are likely to succeed in proving that the notice and fair hearing that the defendants have provided and are providing to the plaintiffs as part of the Medicaid DD program do not comply with the Medicaid Act of the *Fourteenth Amendment*, and because resulting irreparable harm to the plaintiffs is likely, the balance of equities tips in their favor, and this order is in the public interest.

Now, therefore, **IT IS ORDERED** that the motion for TRO (docket no. 4) is GRANTED IN PART AND RESERVED IN PART. It is granted to the following extent: Defendants RICHARD ARMSTRONG, in his official capacity of the Idaho Department of Health and Welfare, and PAUL LEARY, in his official capacity as the Medicaid Administrator of the Idaho Department of Health and Welfare, and all of their officers, servants, employees, attorneys, and all those in active concert or participation with them are **HEREBY RESTRAINED** as follows:

1.  The defendants shall continue or restore the plaintiffs' Medicaid services under the Idaho Developmental Disabilities waiver as provided in the Individual Support Plans in place for each plaintiff before the last "ANNUAL ICF/ID LEVEL OF CARE AND DD ELIGIBILITY APPROVAL NOTICE" and budget assignment notice sent to them, and from reducing or terminating Medicaid services to the plaintiffs Waiver based on the most recent assigned budget limits unless and until the defendants first provide adequate advance notice, approved by this Court, and the opportunity for a fair hearing prior to the reduction or termination of services.

2.  The defendants shall therefore reinstate the level of services authorized for the plaintiffs prior to July 1, 2011, until the further order of this Court.

**TRO - 2**

If the parties cannot agree, for any individual plaintiff, upon the level of services or Individual Support Plan to which he or she is to be reinstated, continued, or restored under this order, that plaintiff or the defendants may apply to this Court for clarification.

Other issues presented by the plaintiffs' motion are not decided or resolved by this order. Therefore, this Court shall enter a further order concerning the plaintiffs' motion after 5:00 p.m. on February 8, 2012, if the parties have not reached agreement upon the terms of the further relief that the plaintiffs' motion requests.

IT IS FURTHER ORDERED, that the Court waives the bond requirement of Rule 65(c) on the ground plaintiffs are indigent.

IT IS FURTHER ORDERED, that the Court will extend the 14-day limit of the TRO by a like period as allowed by Rule 65(b)(2). The TRO will expire on February 23, 2012.

IT IS FURTHER ORDERED, that a hearing will be held on plaintiffs' motion for preliminary injunction (docket no. 4) on **February 22, 2012, at 11:00 a.m.** in the Federal Courthouse in Boise Idaho. The parties may agree to extend the TRO and hold the hearing at a later date.

DATED: **February 3, 2012**

B. LYNN WINMILL
Chief Judge
United States District Court

TRO - 3