# ATTACHMENT
**Second Temporary Restraining Order**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| K.W., by his next friend D.W.; *et al.* | Case No. 1:12-cv-00022-BLW |
| Plaintiffs, | **SECOND TEMPORARY RESTRAINING ORDER** |
| vs. | |
| RICHARD ARMSTRONG, in his official capacity as Director of the Idaho Department of Health and Welfare; PAUL LEARY, in his official capacity as Medicaid Administrator of the Idaho Department of Health and Welfare; *et al.*, | |
| Defendants. | |

Upon Stipulation of the Parties, the Court issues the following Second Temporary Restraining Order, which supplements and is in addition to the Temporary Restraining Order issued on February 3, 2012, Dkt. No. 31.

Now, therefore, **IT IS ORDERED** that defendants RICHARD ARMSTRONG, in his official capacity as the Director of the Idaho Department of Health and Welfare, and PAUL LEARY, in his official capacity as the Medicaid Administrator of the Idaho Department of Health and Welfare, and all of their officers, servants, employees, attorneys, and all those in active concert or participation with them are **HEREBY RESTRAINED** as follows:

1. The defendants shall make available to a plaintiff participant of the Idaho Medicaid Adult Developmental Disabilities program who makes a request for the budget setting methodology, for inspection and copying the following information:

    a. Unaltered and unredacted electronic copies of the spreadsheets used to compute the individual budget.

    b. Unaltered and unredacted electronic copies of the spreadsheet actually used to

**SECOND TEMPORARY RESTRAINING ORDER - 1**

        compute that individual's budget.

    c.    All materials in each participant's case file(s) maintained by the Idaho Department of Health and Welfare and each Idaho Department of Health and Welfare contractor that performed an Independent Assessment of that participant. Provided that, if any copyrighted materials are copied, they shall only be copied as allowed by the fair use and other exceptions to the copyright law.

2.    Upon request by a plaintiff participant of the Adult DD program the defendants will provide the requester with unaltered and unredacted electronic copies of all prior versions of the budget calculating tool used in computing the plaintiff participant's prior budgets. The Defendants shall provide copies of those materials in its custody, control, or possession. The information provided will include that set forth in paragraphs 1.a. through 1.c.

3.    Upon request by a plaintiff participant of the Adult DD program the defendants will provide the requester an opportunity to inspect and copy all descriptions, reports, studies and other records concerning the Department's present and the prior methodologies, models, tools, spreadsheets, memoranda, training manuals, or materials, instructions and other materials provided to the Independent Assessment Providers, that are in the custody, control, or possession of the Department. This information shall be unaltered and unredacted and shall include those records that are electronically stored.

4.    If a plaintiff or the defendants are unable to agree whether any requested record or information is within the scope of this order, that plaintiff or the defendants may apply to this Court for clarification.

5.    This TRO is entered for the reasons set forth in the First TRO (Dkt. 31). All other issues presented by the plaintiffs' motion are not decided or resolved by this TRO. This TRO shall be in effect through May 9, 2012.

**SECOND TEMPORARY RESTRAINING ORDER - 2**

DATED: _____

_____
B. LYNN WINMILL
Chief Judge
United States District Court