UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| K.W., by his next friend D.W., et al.,<br><br>                  Plaintiffs,<br><br>   v.<br><br>RICHARD ARMSTRONG, in his official capacity as Director of the Idaho Department of Health and Welfare; PAUL LEARY, in his official capacity as Medicaid Administrator of the Idaho Department of Health and Welfare; and the IDAHO DEPARTMENT OF HEALTH AND WELFARE, a department of the State of Idaho,<br><br>                  Defendants. | Case No. 1:12-cv-00022-BLW<br>(lead case)<br><br>**MEMORANDUM DECISION AND ORDER** |
| TOBY SCHULTZ, et al.<br>              Plaintiffs,<br>   v.<br>RICHARD ARMSTRONG, et al.,<br>             Defendants. | Case No. 3:12-CV-58-BLW |

## INTRODUCTION

Before the Court are cross-motions to modify or clarify the injunction previously issued by the Court in this case. The motions are fully briefed and at issue. For the reasons explained below, the Court will grant in part the plaintiffs' motion and deny the defendants' motion.

## BACKGROUND

Plaintiffs are developmentally disabled adults who qualify for benefits under

**Memorandum Decision & Order – page 1**

Medicaid. They are eligible for long-term institutional care but choose to live instead in their own homes or in community settings. When their Medicaid payments were reduced, they brought this action against the Idaho Department of Health & Welfare (IDHW), alleging, among other things, that the notices sent by IDHW informing them of the reductions were insufficient. The Court enjoined the reductions, and the parties eventually agreed to the terms of a preliminary injunction that maintained the status quo and provided plaintiffs with information regarding their budget reductions. That injunction restored the Plaintiffs' budgets to the levels they were at prior to July 1, 2011, the date IDHW sent the unconstitutional budget notices. The injunction also prohibited IDHW from reducing Plaintiffs budgets until it (1) provided Plaintiffs with notices, approved by this Court, and (2) made available for copying specified documents it used to calculate Plaintiffs' budgets.

IDHW responded by filing a motion to approve the form of Notice that they sent to each plaintiff. The Court denied the motion, holding that the Notice failed to provide due process because it did not explain budget reductions. *See Memorandum Decision (Dkt. No. 66)* at p. 8. The Notice provided by the IDHW made it very difficult for a participant to determine why her budget had been reduced and left her unable to effectively challenge the reduction.

In the meantime, another group of named plaintiffs filed a nearly identical case entitled *Schultz v. Armstrong*, CV-12-58-BLW. On April 6, 2013, the Court ordered that case consolidated with the present case. *See Order (Dkt. No. 77)*. The plaintiffs then filed (1) a motion to certify a class; (2) a motion to extend the existing preliminary

**Memorandum Decision & Order – page 2**

injunction to the proposed class members; and (3) a motion to file a consolidated class action complaint. IDHW filed a second motion to approve its form of Notice.

The Court denied IDHW's motion, finding that the proposed notice contained the same flaws as found previously – it failed to properly notify participants of the reasons for IDHW's actions. The Court granted plaintiffs' motions, certifying a class and extending the existing preliminary injunction to all members of the class. The Court's decision adopted the terms of the injunction verbatim as proposed by plaintiffs.

Both sides now seek clarification or modification of the terms of the injunction.

## ANALYSIS

The Court's earlier decision held that every reduction in benefits instituted by IDHW on or after July 1, 2011, violated the participants' due process rights because those reductions were not accompanied by notice that passed constitutional muster. Consequently, the Court required IDHW to roll back those reductions and restore the benefits those participants were entitled to prior to July 1, 2011.

The parties now inform the Court that some participants are in different circumstances so that the restoration to pre-July 1, 2011, levels cannot be used as a one-size-fits-all remedy. For example, some participants have had nothing but increases in their budgets since July 1, 2011.[1] Obviously, restoring those participants to their pre-July

---

[1] Even though participants in this group have not suffered any reductions, the Court included them in the class because the denial of the right to notice that complies with the Due Process Clause is an injury in itself, regardless of actual injury. *See Memorandum Decision (Dkt. No. 130)* at p. 12 (citing *Carey v. Piphus,* 435 U.S. 247, 266 (1978); *Walters v. Reno,* 145 F.3d 1032, 1047 (9th Cir. 1998)).

1, 2011, budget levels would be a punishment, not a remedy, and contrary to the Court's intention. Those participants are entitled to keep their budget increases.

There are others whose budgets increased for some time and then decreased more recently. A remedy that attempts to restore them to their pre-July 1, 2011, budget levels would encounter two problems: (1) it could not be implemented for those participants who only joined after July 1, 2011; and (2) it deprives them of their budget increases since that date.[2]

The Court has already held that all of IDHW's notices of budget reductions since July 1, 2011, violated due process. Thus, any budget reduction for a class member since July 1, 2011, must be rolled back under the injunction.[3] For some, that will restore them to their pre-July 1, 2011, budgets. For others, it will restore them to their highest budget level since July 1, 2011. No class member is to be deprived of any budget increase since July 1, 2011.

Plaintiffs also argue that IDHW continues to send out insufficient notices and that the injunction should be extended to order IDHW to submit any future notices to the Court for advance clearance. Plaintiffs' argument is based on the experiences of three

---

[2] The Court agrees with the plaintiffs that the class includes not only all those who were participants as of July 1, 2011, (and have seen nothing but budget reductions), but also those who joined later, those who have seen both budget increases and decreases, and those who have undergone significant changes in services.

[3] IDHW points out that some budgets are reduced because participants agree that they no longer need certain services. There is no dispute that such reductions are proper and do not trigger due process protections.

participants who suffered substantial reductions in their budgets without sufficient notice. Each defendant was transitioning from a traditional service plan to a self-direction service model. *See Declaration of Wilkinson (Dkt. No. 138-2).* It appears that shortly after notifying the participants of their budgets for next year, IDHW realized that its calculation errors warranted a reduction in each of those three budgets and sent notices correcting those errors. *Id.* There is no dispute that the notice sent by IDHW notifying these three participants of their reductions said nothing about the reason for those reductions. It is not entirely clear from this limited record, however, what rights the three participants had in their erroneous budgets – quickly corrected – for a program that none of them had yet started. At any rate, the cases of all three participants are presently on appeal within the agency, and no reductions will take place until the appeals are completed. *See Declaration of Evans (Dkt. No. 138-1).* This appears to be a dispute that needs to be more fully briefed and that should not be resolved as an appendage to these cross-motions to clarify. Accordingly, the Court will deny that portion of plaintiffs' motion.

## ORDER

Pursuant to the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the plaintiffs' motion to clarify or modify (docket no. 137) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks clarification of the injunction as follows: Any budget reduction for a class member since July 1, 2011, must be rolled back under the injunction. For some, that will restore them to their pre-July 1, 2011, budgets. For others, it will

restore them to their highest budget level since July 1, 2011.  No class member is to be deprived of any budget increase since July 1, 2011.  Plaintiffs' motion is denied in all other respects.

IT IS FURTHER ORDERED, that IDHW's motion to modify (docket no. 136) is DENIED.

DATED: April 21, 2014

B. Lynn Winmill
Chief Judge
United States District Court

**Memorandum Decision & Order – page 6**