UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| K.W., by his next friend D.W., et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>RICHARD ARMSTRONG, in his official capacity as Director of the Idaho Department of Health and Welfare; PAUL LEARY, in his official capacity as Medicaid Administrator of the Idaho Department of Health and Welfare; and the IDAHO DEPARTMENT OF HEALTH AND WELFARE, a department of the State of Idaho,<br><br>    Defendants. | Case No. 1:12-cv-022-BLW<br>(lead case)<br><br>**MEMORANDUM DECISION AND ORDER** |
| TOBY SCHULTZ, et al.<br>    Plaintiffs,<br>  v.<br>RICHARD ARMSTRONG, et al.,<br>    Defendants. | Case No.  3:12-CV-58-BLW |

### INTRODUCTION

The Court has before it a motion for preliminary approval of class action settlement and approval of class notices.  The motion is supported by a joint brief.  For the reasons expressed below, the Court will grant the motion to the extent it seeks preliminary approval of the settlement and approval of the notice to be sent to class members informing them of the settlement and the hearing date for final approval.  The Court will deny the motion to the extent it seeks final approval for the revised budget

**Memorandum Decision & Order – page 1**

notice on the ground that it is intertwined with the class settlement and that class members must have an opportunity to comment on the revised budget notice before it can be finally approved.

## ANALYSIS

This joint motion seeks preliminary approval of a settlement of the class claims in this case.  This history of this litigation has been set forth in detail in prior decisions of this Court and will not be repeated here.  The settlement proposes to design a new budget tool with the assistance of an outside consultant and input from class members, among others.  While the new budget tool is being developed – a process that might take two years – existing budgets will remain in place for all class members.  The settlement also includes approval of a new budget notice that better explains any budget changes, includes the written health and safety criteria, directs class members to free training about handling appeals, and allows class members to identify a suitable representative to help them with an appeal.

The Ninth Circuit maintains a "strong judicial policy" that favors settlements particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008).  This case is quite complex.

The process begins with a "preliminary determination." *See Manual for Complex Litigation, Fourth* § 21.632 (FJC 2004).  The Court's task at the preliminary approval stage is to determine whether the settlement falls "within the range of possible approval." *Lilly v. Jamba Juice Co.*, 2015 WL 1248027 at *6 (N.D.Cal.2015).  Preliminary approval of a settlement is appropriate if "the proposed settlement appears to be the product of

**Memorandum Decision & Order – page 2**

serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *Id.*

The proposed settlement now before the Court resolves the central concerns of the class members: Developing an accurate budget tool, revising the budget notice to more clearly inform participants about changes to their budgets, and providing assistance with appeals. These are the same concerns that the Court addressed in its earlier decision. *See Memorandum Decision (Dkt. No. 270).* This settlement comes after four years of zealous litigation where every issue was contested. There is no collusion here, and the settlement has no obvious deficiencies. Moreover, it does not grant preferential treatment to any segment of the class. The Court concludes that it falls within the range of possible approval and hence will grant preliminary approval.

After preliminary approval, the Court must hold a hearing pursuant to Rule 23(e)(2) to make a final determination of whether the settlement is "fair, reasonable, and adequate." To prepare for that final hearing, Rule 23(e)(1) requires that the Court "direct notice in a reasonable manner to all class members who would be bound by" the parties' proposed partial settlement.

The proposed notice contains a summary of the five major points of the settlement in plain English. *See Proposed Notice (Dkt. No. 306-3).* After providing an accurate and readable summary of the settlement, the notice directs readers to a website for further information. The parties propose to send this notice to the following: (1) Mailing a copy of that notice to every known class member; (2) Mailing a copy to every known guardian

**Memorandum Decision & Order – page 3**

of a class member; (3) Mailing a copy to every current adult DD service coordinator, plan developer, or Support Broker; and (4) Providing a copy by email or mail to fifteen organizations that provide advocacy services or other assistance to class members.

The Court finds that this notice is comprehensive and reasonable. For all the reasons expressed above, the Court will grant the joint motion for preliminary approval of the settlement and the notice of settlement, and will set a date below for the hearing on final approval.

The joint motion also appears to seek final approval of the revised budget notice that will be used to inform participants of any changes to their budgets. But the revised budget notice is part of the class settlement and a summary of its features is included in the notice of settlement that will be sent to class members. Thus, the revised budget notice is intertwined with the proposed class settlement, making it inappropriate to give final approval to the revised budget notice before the class members have an opportunity to comment on the entire settlement. The Court will therefore deny the joint motion to the extent it seeks final approval for the revised budget notice, and await the final hearing before making that decision. This finding will not require any changes to the proposed notice that is to be sent to class members informing them of the settlement.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the joint motion for preliminary approval of class action settlement and for approval of class notice (docket no. 306) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it

**Memorandum Decision & Order – page 4**

seeks preliminary approval of the class settlement and approval for the proposed notice that will be sent to class members informing them of the settlement and the final hearing date.  It is denied to the extent it seeks final approval of the revised budget notice.

IT IS FURTHER ORDERED, that the final hearing for approval of the class settlement shall be held on **January 12, 2017, at 3:30 p.m.** in the Federal Courthouse in Boise Idaho.

DATED: October 20, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court