UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| K.W., by his next friend D.W., et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>RICHARD ARMSTRONG, in his official capacity as Director of the Idaho Department of Health and Welfare; PAUL LEARY, in his official capacity as Medicaid Administrator of the Idaho Department of Health and Welfare; and the IDAHO DEPARTMENT OF HEALTH AND WELFARE, a department of the State of Idaho,<br><br>        Defendants. | Case No. 1:12-cv-22-BLW<br>(lead case)<br><br>**MEMORANDUM DECISION AND ORDER** |
| TOBY SCHULTZ, et al.<br><br>        Plaintiffs,<br><br>  v.<br><br>RICHARD ARMSTRONG, et al.,<br><br>        Defendants. | Case No. 3:12-CV-58-BLW |

## INTRODUCTION

Before the Court is a motion to dismiss filed by the Idaho Department of Health and Welfare (IDHW). The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion.

## LITIGATION BACKGROUND

Plaintiffs are developmentally disabled adults who qualify for benefits under Medicaid. They are eligible for long-term institutional care but choose to live instead in their own homes or in community settings. When their Medicaid payments were reduced, they brought this action against IDHW, alleging, among other things, that the IDHW's budgeting methodology – referred to as the budget tool – improperly reduces assistance for some recipients, that the notice that IDHW uses to inform participants of reductions in their assistance was insufficient, and that the process for appealing budget reductions was unfair.

The Court certified a class of disabled adults to challenge the budget tool, notice form, and hearing procedures used by the IDHW. In addition to these class claims that challenge the system-wide processes of IDHW, there are individual claims brought by 16 named plaintiffs alleging that reductions to their budgets puts them at risk for being institutionalized. These individual claims are referred to as the *Olmstead* claims, after the Supreme Court decision requiring those in the position of plaintiffs to show that "the challenged state action creates a serious risk of institutionalization." *See Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581, 607 (1999).

The parties then reached a settlement of the class claims. The IDHW agreed to develop a new budget tool, and to keep plaintiffs' benefits at their prior high level until the new budgets could be approved and implemented. The settlement gave the IDHW two years to develop and test the new budget tool.

The Court approved the class action settlement, and set a trial date for the *Olmstead* claims. The IDHW now seeks to dismiss the *Olmstead* claims on the ground that they are moot because the plaintiffs have been awarded the relief they sought in this lawsuit – that is, the new budget tool, revised notice forms, and modified hearing procedures. In the alternative, the IDHW argues, the Court should proceed to trial on the *Olmstead* claims immediately.

The plaintiffs have not, however, obtained all the relief they sued for. The class settlement relies on funding from the State Legislature and approval by the Centers for Medicare and Medicaid Services for the required programmatic changes. Even if the funding and approvals are forthcoming and the new budget tool is implemented, it may reduce budgets, putting some participants in danger of institutionalization, thereby potentially violating *Olmstead*. In other words, the plaintiffs have only a proposal at this point, not a final product.

The Court cannot find, therefore, that plaintiffs' *Olmstead* claims are moot. While the *Olmstead* claims remain alive, they are not ready for trial until the new budget tool is approved and used to determine new individual budgets for the plaintiffs. Only then will the parties know whether the new budgets are reduced to the point where plaintiffs are in

danger of being institutionalized. That time is more than a year away, and so this case will sit for an extended period before the parties will know whether they must proceed to trial on the *Olmstead* claims or whether those claims will be truly moot. These circumstances call for the case to be administratively terminated, without prejudice to the right of any party to reopen the case for any reason. Once the budget tool has been implemented, and applied to the plaintiffs, the parties can reopen the case to determine whether the *Olmstead* claims need to be dismissed or tried.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss (docket no. 310) is DENIED.

IT IS FURTHER ORDERED, that this case be ADMINISTRATIVELY CLOSED without prejudice to the right of either party to reopen the case for any reason.

IT IS FURTHER ORDERED, that the parties shall notify the Court when the *Olmstead* issues are either ready for trial or are to be dismissed. The Court will not set any trial date until that point, if necessary.



DATED: September 22, 2017

_____
B. Lynn Winmill
Chief Judge
United States District Court