UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| K.W., by his next friend D.W., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD ARMSTRONG, et al.,<br><br>Defendants. | Case No. 1:12-cv-00022-BLW<br>(lead case)<br><br>**MEMORANDUM DECISION AND ORDER** |
| TOBY SCHULTZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD ARMSTRONG, et al.,<br><br>Defendants. | Case No. 3:12-cv-58-BLW |

### INTRODUCTION

Before the Court is Plaintiffs' Motion to Approve Notice to Class and For Defendants to Effect Notice. Dkt. 434. Plaintiffs ask the Court to: (1) approve its notice, which informs the class of Plaintiffs' pending Motion for Attorneys' Fees; (2) direct Defendants to print and mail the notice; and (3) direct class counsel to post the notice on its *OurHealthAndWelfare* website, Facebook page, and email

listservs. For reasons explained below, the Court will grant the motion, although it will make minor revisions to plaintiff's form notice.

## BACKGROUND

Plaintiffs are developmentally disabled adults who qualify for benefits under Medicaid. They are eligible for long-term institutional care but choose to live instead in their own homes or in community settings. When their Medicaid payments were reduced, they brought this action against the Idaho Department of Health & Welfare, alleging, among other things, that: (1) the Department's budgeting methodology – referred to as the budget tool – improperly reduces assistance for some recipients; (2) the Department used an insufficient notice to inform participants of reductions in their assistance; and (3) the process for appealing budget reductions was unfair.

The Court certified a class of disabled adults to challenge the budget tool, notice form, and hearing procedures. After the Court granted summary judgment in plaintiffs' favor, the parties settled the class claims. In the Class Action Settlement Agreement, approved by the Court on January 12, 2017, the Department agreed to develop a new budget tool and to keep plaintiffs' benefits at their prior high level until the new budgets could be approved and implemented. As part of the settlement, the Department set a goal of developing and implementing the new

budget tool within 24 months. *See* Dkt. 306,-1, at 8-9.[1] If the Department failed to implement the new tool within three years (no later than January 2020), the plaintiffs could ask the Court "to set a reasonable completion deadline." *Id.* at 9.

When the Department did not complete its work within 24 months, both sides asked the Court to impose their version of a reasonable completion deadline. In briefs that were filed before the COVID-19 pandemic began, the Department asked the Court to set a completion deadline of January 12, 2023, while plaintiffs wanted the Department to be done in 120 days. After the pandemic hit, IDHW asked the Court to extend the completion deadline to January 2024. Plaintiffs asked the Court to send the parties to ADR.

Initially, the Court indicated that it would impose a two-track deadline system, with one track being a longer deadline for the restructuring of services and

---

[1] The relevant provision states: "<u>Action Steps and Estimated Completion</u>. . . . . The Department will develop estimated dates for completion with HSRI [an outside consultant] as the project moves forward, with the goal of completing the last action step below within 24 months of the inaugural meeting with HSRI described in action step one below. If the last action step below is not completed within 24 months of the inaugural meeting, the Parties shall meet and confer in an effort to identify an agreed completion deadline; if the Parties have not agreed on a completion deadline and the last action step below is not completed within 36 months of the inaugural meeting, class counsel may initiate the dispute resolution process set forth in Section V.M. below and, if the deadline remains disputed after that process is completed, Plaintiffs may file an appropriate motion and the Court shall set a reasonable completion deadline."

the other track being a shorter deadline for creation of the new budget tool. *See* Dkt. 396. Later, though, the Court denied plaintiffs' request to send the parties to ADR and scheduled a hearing to resolve outstanding issues. Dkt. 420. In December 2020, after hearing the parties' arguments, the Court ordered a reasonable completion deadline of June 2022.

After the Court decided the reasonable completion deadline, both parties filed the pending motions for attorneys' fees. *See* Dkts. 433, 435. Additionally, plaintiffs move for an order approving the form of a notice to be sent to class members, informing them of the fee motion. Dkt. 434. Plaintiffs further ask the Court to order Defendants to print and mail the notice to each class member and class member guardian or family member.

## ANALYSIS

### 1. Form of Notice

Under Federal Rule of Civil Procedure 23(h)(1), class counsel must notify class members of their pending motion for attorneys' fees. *See* Fed. R. Civ. P. 23(h)(1) (requiring class counsel to provide notice to the class "in a reasonable manner").

Defendants point out that the Court is not required to approve the notice or the plan for distributing the notice. *See Response,* Dkt. 441, at 2-3. But plaintiffs have asked for approval, and the Court finds it appropriate to provide the requested

guidance.

Plaintiffs' most recent version of the proposed notice, Dkt. 444, at 5-8 of 13, incorporates all of Defendants' proposed changes except one, which is aimed at this paragraph:

> *The settlement gave the Department up to three years to fix the budget system*. Because the work wasn't done in three years, the lawyers who help argue for you asked the Court to set a final deadline. The Court set a final deadline of June 2022 for the Department to finish the work.

*Revised Notice,* Dkt. 444, at 6 of 13 (emphasis added). Defendants say that that first, italicized sentence should say something more like this: "The settlement set a goal of completing the new budget model within two years, and allowed the lawyers who argue for you to go to court after three years." *See* Dkt. 441, at 3. Defendants' version of the sentence is arguably more precise.[2] But plaintiffs point out that the proposed class has a Fifth Grade reading level, and defendants' revisions to this sentence increase the reading level. *Reply,* Dkt. 444, at 3 (the revisions take the sentence, on its own, to an Eleventh Grade reading level, and the notice, overall, to a Sixth Grade reading level). Under these circumstances, the

---

[2] Plaintiffs point out that the Court has previously used imprecise language in describing the settlement agreements' 24-month and 36-month time frames. That language does not, however, change the language of the settlement agreement itself, which speaks in terms of goals and estimates.

Court will favor readability over the more complex verbiage defendants proffer.
Moreover, when the offending sentence is read in context, it accurately conveys the import of the settlement agreement and the recent litigation regarding the reasonable completion deadline. The Court will, however, strike the word "final" each time it appears before the word "deadline," which is meant to address defendants' concerns. The end result is that the subject paragraph should be revised as follows:

> The settlement gave the Department up to three years
> to fix the budget system. Because the work wasn't done
> in three years, the lawyers who help argue for you
> asked the Court to set a ~~final~~ deadline. The Court set a
> ~~final~~ deadline of June 2022 for the Department to finish
> the work.

Otherwise, the form of notice at Dkt. 444 is approved. In the section of the notice following titled **How will the judge make a decision?** the plaintiffs should select the option that states "The judge will give a written decision." *See* Dkt. 444, at 11-12 of 13. And in the section of the notice entitled **What can you do next?**, plaintiffs should instruct class members to mail their letters "on or before 21 days after mailing." To be clear though, counsel should include an actual date that is 21 days out from the mailing date.

    As for the method of distribution, the Court will direct class counsel to: (1) post the notice on the *www.OurHealthAndWelfare.org* website; (2) post the notice

on the accompanying *Our Health and Welfare* Facebook page; and (3) email the notice via the listserv. The Department will be ordered to print and mail the notice, as discussed in the next section.

2. **Effecting Notice**

The Court finds it appropriate to shift the cost of providing this notice to the defendants. Neither party disputes that this Court can place the cost of class notice on the defendants. *See Hunt v. Imperial Merch. Servs., Inc.*, 560 F.3d 1137, 1144 (9th Cir. 2009) ("[T]he proper placement of notice costs is best left to the sound discretion of district courts, once liability on the merits has been determined in the first instance. In such circumstances, the district courts are not required in all cases to shift notice costs but instead may consider the totality of the circumstances to decide whether shifting notice costs is just in that particular case.").

In this case, where the Department failed to complete its work in the time frames anticipated in the settlement agreement, and then sought approval for an extensive delay, the Court finds it appropriate for defendants to bear the cost of notifying the class members of class counsel's fee motion, and to print and mail the notices.

**ORDER**

**IT IS ORDERED that:**

1. Plaintiffs' Motion to Approve Notice to Class (Dkt. 434) is

**GRANTED IN PART AND DENIED IN PART**.

2. Plaintiffs' proposed class notice, modified as explained above, is **APPROVED.**

3. Class counsel shall: (1) post the revised notice on the *OurHealthAndWelfare.org* website; (2) post the revised notice on the *Our Health and Welfare* Facebook page; and (3) email the notice via the listserv.

4. Defendants shall print and mail the notice to each class member and each class member's guardian or family member.

DATED: May 21, 2021

_____
B. Lynn Winmill
U.S. District Court Judge