**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| K.W., by his next friend D.W, *et al.*, ) | Case No. 1:12-cv-00022-BLW |
| ) | (lead case) |
| Plaintiffs, ) | |
| vs. ) | |
| ) | |
| RICHARD ARMSTRONG, in his official capacity as ) | Case No. 3:12-cv-00058-BLW |
| Director of the Idaho Department of Health and ) | |
| Welfare, *et al.*, ) | **SECOND AMENDED** |
| ) | **PROTECTIVE ORDER** |
| Defendants. ) | |
| _____ ) | |
| TOBY SCHULTZ, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | |
| ) | |
| RICHARD ARMSTRONG, in his official capacity as ) | |
| Director of the Idaho Department of Health and ) | |
| Welfare, *et al.*, ) | |
| ) | |
| Defendants. ) | |

_____In order to protect the claims of the parties concerning the confidentiality of certain information to be produced, exchanged or otherwise used in the course of this litigation, the Court hereby enters the following ~~Stipulated~~Second Amended Protective Order ~~("Protective Order"),~~, which Plaintiffs and Defendants, by undersigned counsel, have submitted by stipulation~~:~~.  The changes in redline are changes pursuant to the stipulation of the parties. Those changes in redline reflect a compromise by the parties to expedite information disclosure and promote judicial economy, awaiting later resolution of ongoing disputes among the parties. Those changes in redline shall remain in effect unless and until a later court decision or order changes the terms of this Second Amended Protective Order, or otherwise vacates or modifies this order.

**SCOPE OF ORDER**

~~1.~~_____This Second Amended Protective Order shall be applicable to and govern all

SECOND AMENDED PROTECTIVE ORDER - 2

documents, things and information produced, furnished, exchanged or used during the course of this action, including among other things, materials and information produced in response to requests for production of documents, interrogatories, inspections, requests for admission, deposition testimony and exhibits, or any other Discovery Material furnished by or on behalf of or observed by any party to this action.

## DEFINITIONS

2.      "Discovery Material" means any Document produced in this action in response to a request for discovery or in connection with any deposition pursuant to the Federal Rules of Civil Procedure or produced voluntarily in lieu of a formal production request.

3.      "Document" means material or information produced in this action, whether in paper, electronic image or any other format or medium and includes, without limitation, papers, notes, books, manuals, letters, exhibits, contracts, copies, extracts, memoranda, reports, studies, drawings, calculations, analyses, projections, sketches, surveys, data compilations, complete or partial summaries, photographs, videos, moving pictures, corporate records of all kind and other documents or materials that include, summarize or otherwise disclose any Documents or Discovery Materials.

4.      "Producing Party" means the Defendants.

5.      "Receiving Party" means the Plaintiffs.

6.      "Expert" or "Consultant" means an expert or consultant retained for the purpose of this action and not a current employee of a party or of a person or entity affiliated with a party.

7.      "Confidential Information" means any Documents (including electronic files or folders) and materials which the Producing Party reasonably and in good faith believes contains or discloses the following: **(1)** Protected health information subject to disclosure pursuant to a qualified protective order under 45 C.F.R. § 164.512(e)(1)(v) and**)**; **(2)** the Scales of Independent Behavior-Revised interview book, response booklet and computer software program that analyzes answers, scores them and generates a summary report (collectively, "SIB-R documents"**)."**; **and (3) certain specific proprietary information, trade secrets, or other confidential commercial information, namely the materials**

SECOND AMENDED PROTECTIVE ORDER - 2

**produced to Plaintiffs' counsel on August 13 and 18, 2021, and Bates numbered HSRI 000001 through 000507.**[1] The Producing Party shall clearly mark with the words "CONFIDENTIAL INFORMATION – PROTECTIVE ORDER" each Document that the Producing Party contends includes Confidential Information. **In addition, Documents that contain or disclose proprietary information, trade secrets, or other confidential commercial information, shall also be marked "TRADE SECRET; provided that the only portions within the materials Bates numbered HSRI 000001 through 000507 may be marked "TRADE SECRET."** If any portion of a marked Document is not Confidential Information, then the Producing Party shall clearly identify those portions of the Document that the Producing Party contends are Confidential Information, either by marks on the Document itself of by a description attached to the Document as a cover page. Any Document or portion of a Document not so marked shall not qualify as Confidential Information protected by this Order, regardless of content.

## USE OF CONFIDENTIAL INFORMATION GENERALLY

~~7.~~8.    Confidential Information may be shown to any current or former agent, employee or representative of the Producing Party in connection with their testimony at depositions and at trial, even if said individual is not specifically identified in paragraph 10.

~~8.~~9.    Nothing in this Second Amended Protective Order shall bar or otherwise restrict any attorney from rendering advice to a ~~party  client~~class representative or class member in this action and, in the course thereof, relying upon such attorney's knowledge of Confidential Information; provided, however, that in rendering such advice and in otherwise communicating with such client, the attorney shall not disclose any Confidential Information to persons not authorized under this Second Amended Protective Order without obtaining prior written approval from the Producing Party.

## RESTRICTIONS ON THE DISCLOSURE

---

[1] **The parties agree that the Producing Party may designate Documents as Confidential Information, regardless if such Documents were created by the Producing Party, its Expert or Consultant, any contractor to the Producing Party or its Expert or Consultant, or any other third-party.**

## OF CONFIDENTIAL INFORMATION

9.10.   Under no circumstances may Confidential Information be disclosed to any person or entity other than the following persons, except with the prior written consent of the Producing Party:

(a)   The Court and its personnel (according to the requirements set out below, or if presented orally with due indication of the status of the Confidential Information);

(b)   Counsel of record of the parties or deputy attorneys general employed by Defendant Idaho Department of Health and Welfare, including their associated attorneys and legal, clerical or other support staff assigned to assist such counsel in the preparation of this case, along with their party clients and their party clients' next friends, guardians, conservators, and guardians ad litem;any class member or class representative and the class member's or class representative's next friends, guardians, conservators, and guardians ad litem; provided however, that protected health information about a class member shall not be disclosed to another class member or class representative and the class member's or class representative's next friends, guardians, conservators, and guardians ad litem without written permission from the class member whose health information would be disclosed; and further provided, however, that for Documents marked "TRADE SECRET," a class member, class representative, or class member's or class representative's next friends, guardians, conservators, and guardians ad litem must sign an "Acknowledgment Regarding HSRI Confidential Information" in the form of that attached to this Second Amended Protective Order.

(c)   Any Expert or Consultant retained to testify or consult in connection with this case;

(c)   Any Expert or Consultant retained to testify or consult in connection with this case, as well as Staff of the Idaho Council on Developmental Disabilities and/or DisAbility Rights Idaho.; **provided, however, that for Documents marked "TRADE SECRET", the Expert, Consultant, or Staff: will only use such Documents and the information within them for the purpose of furnishing expert or consultancy services or other assistance in connection with this action or to give testimony with respect to the subject matter of this action in a proceeding in this action; will not use such Documents for purposes outside of this action; and will agree in writing to be bound by this Second Amended Protective Order while it remains in effect and agree that any violation of this Second Amended Protective Order may be enforced by the Producing Party or the party or entity whose proprietary information, trade secrets, or other confidential**

**commercial the Documents contain.**

**(d)**      Persons to whom disclosure of protected health information is otherwise permitted under 45 C.F.R. § 164.512(e); provided, however, that such disclosure shall not include the SIB-R documents unless otherwise authorized in this Second Amended Protective Order**; and provided, however, that such disclosure does not include Documents marked as "TRADE SECRET";**

(e)      Persons regularly employed by counsel of record or their firms and working under their supervision in connection with this litigation, such as jury consultants, computerized legal support document management and copying services;

(f)      Court reporters taking testimony and their necessary stenographic, videographic and clerical personnel; and

(g)      Other persons upon such terms and conditions as the parties may agree or as the Court may hereafter direct.

10.11.   Notwithstanding any other provision in this Order, the Receiving Party may disclose to non-parties preliminary order decisions by hearing officers or final orders by Defendant Armstrong in appeals from calculated budget or service plan appeals if all Confidential Information has been redacted; provided, however, that Receiving Party shall tender such redacted orders to the Producing Party for review at least ten (10) days prior to disclosure. Should the Producing Party contend that further Confidential Information redactions are necessary, the parties shall meet and confer concerning the designations and, if they do not resolve the dispute, the parties shall present the dispute to the Court. The Producing Party shall bear the burden of justifying the additional Confidential Information redactions, but the order(s) may not be disclosed pending the Court's resolution of the dispute.

11.12.   Unless otherwise agreed by counsel for the parties, or as may be ordered by the Court, only those persons authorized by this Second Amended Protective Order to receive Confidential Information as set forth above may be present during those portions of a deposition when Confidential Information is used as an exhibit or quoted in questioning.

12.      The Producing Party shall designate within ten (10) days of receipt of a deposition transcript any portions that it deems Confidential Information. Should the Receiving Party

13._____ dispute any such designation, the parties shall meet and confer concerning the designations and, if they do not resolve the dispute, the parties shall present the dispute to the Court. The Producing Party shall bear the burden of justifying the Confidential Information designation, but the Confidential Information may not be disclosed pending the Court's resolution of the dispute.

13.14.  Any filing with the Court that discloses or attaches any Document containing Confidential Information shall be redacted before filing or filed under seal. Where possible, those portions of filings with the Court that disclose or attach Confidential Information shall be redacted, in which case the Document and filing will not be filed under seal.

## MAINTENANCE OF CONFIDENTIAL INFORMATION

14.15.  Those to whom Confidential Information is made available shall:

    (a)      protect, safeguard and otherwise respect its confidential nature;

    (b)      not disclose it or any part of it, including any summaries, abstracts, digests, reports, analyses or indices, to any person other than the persons identified in the Second Amended Protective Order who are entitled to have it made available to them; and

    (c)      take reasonable efforts to protect the confidentiality of Confidential Information.

## RETURN OR DESTRUCTION OF CONFIDENTIAL MATERIALS
## UPON TERMINATION OF THIS ACTION

15.16.  Within thirty (30) calendar days following this action's final determination, including the resolution of any disputes about information that should not be deemed Confidential Information as well as any appeals or expiration of time for appeals, all Confidential Information shall be returned to counsel for the Producing Party or shall be destroyed. If the Producing Party elects to allow the destruction of such material (rather than return), the destroying party shall certify in writing the manner and date on which the destruction occurred. **Provided, however, that if this Second Amended Protective Order remains in effect at the time, for Documents**

**marked as "TRADE SECRET", Plaintiffs' counsel will return those Documents that are in their actual possession to counsel for the Producing Party and will certify the deletion of any copy of those Documents in Plaintiffs' counsel's actual possession and the date that deletion occurred.** Notwithstanding the foregoing, counsel for each party may retain copies of all pleadings, motions and other documents filed with the Court, including any attachments, exhibits or appendices.

## GENERAL RESERVATIONS

16.    If, at any time, the Receiving Party believes that information in a Document should not be deemed Confidential Information under the terms of this Second Amended Protective Order, such party shall so notify the Producing Party in writing. Counsel shall then, within a reasonable time (not to exceed five (5) business days) after such notice is received, meet and confer concerning such Document or other information or material. Any such conference must occur within five

17.    (5) business days of the date of the notice of dispute. If agreement is not reached, any party may, by motion noticed to all parties, seek a determination from the Court regarding the dispute. If such a motion is brought, the Producing Party shall bear the burden of justifying the Confidential Information designation, but the Confidential Information may not be disclosed pending the Court's resolution of the dispute.

17.18.   The Receiving Party has agreed to the terms of this Second Amended Protective Order only as a means of expediting discovery and litigation in this case, not because it agrees that any of the materials covered (or that may be covered) by this protective orderSecond Amended Protective Order should be protected from disclosure. The Receiving Party expressly reserves the right to challenge the scope of this Second Amended Protective Order, and it contends that some or all the materials covered by the Second Amended Protective Order should already be available to the Receiving Party or the public under law governing public records, due process, or other law and doctrines.

18.19.   This Second Amended Protective Order shall be without prejudice to the right of

SECOND AMENDED PROTECTIVE ORDER - 2

any party to oppose production of Discovery Material or to object to its admissibility into evidence by reason of lack of timeliness or relevance, assertion of a privilege, undue burden or any other lawful ground.

## MODIFICATION

~~19.~~20.   Nothing in this Second Amended Protective Order shall prevent counsel for the parties from agreeing in writing at any time that certain Documents or information otherwise covered by this Second Amended Protective Order, including information disclosed during oral depositions, is not confidential and need not be treated in accordance with the terms of this Second Amended Protective Order.

~~20.~~21.   Nothing herein shall prevent a party from seeking any change or modification in this Second Amended Protective Order, or foreclose any party from requesting any further or additional protective orders. The Court reserves the right to make any changes or modifications to this Second Amended Protective Order that it determines to be in the interests of the parties, and to enter further orders upon request of either party.

## JURISDICTION

~~21.~~22.   Any violation of this Second Amended Protective Order shall constitute a violation of an order of the Court and shall be punishable as such. The final determination or settlement of this action shall not release any person who has received Documents, things or information containing Confidential Information under the terms of this Second Amended Protective Order from obligations imposed by the Second Amended Protective Order, and the Court shall retain jurisdiction to enforce the provisions of this Second Amended Protective Order after the final determination or settlement of this action.

## INTERPRETATION; HEADINGS

~~22.~~23.   Should the parties have any issues concerning the interpretation of this Second Amended Protective Order, they shall endeavor to meet and confer promptly to resolve the dispute before any party moves for the Court's assistance.

SECOND AMENDED PROTECTIVE ORDER - 2

23.24.  The headings used in this Second Amended Protective Order are supplied for convenience only and shall not be taken into account in the interpretation of this Second Amended Protective Order.

_____NOW THEREFORE IT IS HEREBY ORDERED, that the joint motionstipulation for an amended protective order (docket no. 468) is GRANTED and that the Second Amended Protective Order set forth above is APPROVED.

DATED: **October 15, 2021**

B. Lynn Winmill
United States District Judge

## ACKNOWLEDGMENT REGARDING HSRI CONFIDENTIAL INFORMATION

Human Services Research Institute helps the Idaho Department of Health and Welfare build the new budget model. Human Services Research Institute is also known as HSRI. HSRI says that some of its information about the new budget model are trade secrets or confidential. HSRI and the Department believe that the law protects that information. For now, there is a court order in *KW v. Armstrong* lawsuit that limits who can see that information. HSRI believes if other people see that information, it will hurt HSRI's business.

## WARNING AGAINST DISCLOSURE OF HSRI'S CONFIDENTIAL INFORMATION

The Idaho Uniform Trade Secret Act is at Title 48, Chapter 8, of the Idaho Code. The Act protects trade secrets. If you share HSRI's confidential information with someone else who does not have permission to see it, you might be liable for violating the Trade Secret Act. You **can** use the information to help you understand the new budget model and to try to get a higher budget. You can also choose people to help you understand the information or use it to help you try to get a higher budget. But if you share the information with the public or a person or business who competes with HSRI, then HSRI might argue that you violated the Trade Secret Act.

Only the pages that say "CONFIDENTIAL INFORMATION – PROTECTIVE ORDER - TRADE SECRET" are protected in this way.

1.     I,_____[printed name of the requesting party], am: (check a box)

☐     A participant in the Department's Medicaid Developmental Disabilities Waiver Program; or

☐     Authorized by a Participant to request and receive a copy of HSRI's Confidential Information.

By signing below, I acknowledge that I have received and read the notices and warnings above.

    **IF AN AUTHORIZED REPRESENTATIVE REQUESTS HSRI'S CONFIDENTIAL INFORMATION, THE PARTICIPANT MUST SIGN BELOW.**

    Participant, by signing below, states that he or she is the person requesting a copy of HSRI's confidential information, or that the person below is authorized to request and receive a copy of HSRI's confidential information:

    Date:_____

    Signature of Participant:    _____

    Signature of Participant's Authorized Representative Who is Requesting HSRI's Confidential Information:

    Date:_____

    Signature of Authorized Representative:_____