LAWRENCE G. WASDEN
ATTORNEY GENERAL

Steven L. Olsen, ISB #3586
Chief of Civil Litigation

W. Scott Zanzig, ISB #9361
scott.zanzig@ag.idaho.gov
Brian V. Church, ISB # 9391
brian.church@ag.idaho.gov
Alan W. Foutz, ISB #11533
alan.foutz@ag.idaho.gov
Deputy Attorneys General
954 W. Jefferson Street, 2nd Floor
P.O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073

Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| K.W., by his next friend D.W, *et al.*, | Case No. 1:12-cv-00022-BLW |
| Plaintiffs, | (lead case) |
| vs. | |
| RICHARD ARMSTRONG, in his official capacity as Director of the Idaho Department of Health and Welfare, *et al.*, | Case No. 3:12-cv-00058-BLW |
| Defendants. | IDAHO DEPARTMENT OF HEALTH AND WELFARE'S RESPONSE TO REQUEST FOR FURTHER BRIEFING ON THE SUITABLE REPRESENTATIVE PLAN |
| TOBY SCHULTZ, *et al.*, | |
| Plaintiffs, | |
| vs. | |
| RICHARD ARMSTRONG, in his official capacity as Director of the Idaho Department of Health and Welfare, *et al.*, | |
| Defendants. | |

In its Memorandum Decision and Order dated October 28, 2022 (Dkt. 509), the Court directed the parties to provide the Court with Supplemental Briefing on the following question:

> If the Court concludes that the Settlement Agreement unambiguously allows the new budget tool to be fully implemented before the Court approves the Suitable Representative Plan, does the Department's proposed Suitable Representative Plan violate the implied covenant of good faith and fair dealing?

In response to the Court's request, Defendant Idaho Department of Health and Welfare ("the Department") informs the Court that it has withdrawn the proposed version of the Suitable Representative Plan ("the Plan") that was submitted to class counsel in March 2022, from further consideration.

Soon after the Department submitted its Plan to class counsel, it became apparent that further analysis and evaluation of the Plan would be needed before submitting the Plan to the Court for approval. Class counsel provided their objections to the Plan via letter dated May 13, 2022, and the Department responded to class counsel's objections by letter dated June 3, 2022. Following this exchange, the parties continued their discussion of the Suitable Representative Plan, most recently in face-to-face meetings with personnel from the Department and class counsel on August 30, 202 and September 15, 2022.

During those meetings, class counsel was able to convey, among other things, the processes and procedures they contend would have to be part of any acceptable Suitable Representative Plan, and the Department was able to convey the operational and fiscal constraints that limited the Department's ability to implement certain of the proposals that class counsel had made. At the same time, the Department committed to class counsel that it would continue to investigate and evaluate the viability of class counsel's proposals.

In fact, these discussions were held in the context of discussing with class counsel the likelihood that the Department would not be able to implement the new resource allocation

model until after funds received by the State under the American Rescue Plan Act (ARPA) had been exhausted, which the Department anticipates will be some time in 2023. In these meetings, the Department expressed its commitment to continue its dialogue with class counsel and class members regarding the Plan during what now appears to be an extended period before the new resource allocation model can be implemented. Indeed, answering the question of whether the Settlement Agreement allows implementation of the resource allocation model before the Court approves the Plan is significantly less urgent now that the new model is most likely not going to be implemented until the fall of 2023.

Although the Department is still examining the entirety of the Plan, two of the more significant components that the Department is still evaluating, and will discuss with class counsel, are the fiscal and operational mechanisms that would allow for some manner of payment to be made to individuals who are chosen to assist participants in their appeals, as well as the fiscal and operational mechanisms that would have to be approved in order for the Department to provide someone to serve as a suitable representative in the event the participant's efforts to obtain a commitment from someone completely failed. While the Department wishes to emphasize that no decisions have been made regarding these issues (or the other issues or components of the Plan), it is nevertheless examining different options for how it might satisfy its obligations under the Settlement Agreement regarding suitable representatives.

The Department also wishes to emphasize that in examining these issues, it has not been able to locate any other state in the country that has, as part of its adult DD Waiver services, a mechanism to either provide or pay for someone to assist participants in an appeal. The Department is attempting to create a program that is unique in this country. Nevertheless, the salient point here is that significant components of the Suitable Representative Plan have not yet

been finalized. For this reason, the Department contends that it would be premature for the Court to issue a decision on whether the version of the Plan submitted to class counsel earlier in the year violates or does not violate the implied covenant of good faith and fair dealing. Although the Court did not indicate which provisions in particular gave rise to the Court's concern about possible violation of the implied covenant, it is without question the case that significant elements of the Plan are still being evaluated with the goal of developing a plan that is mutually acceptable to the parties, thus allowing the parties to eventually file a Joint Motion for Approval of the Plan with the Court.

The Settlement Agreement requires the Department to "submit a _final_ plan to the Court outlining the processes and/or procedures to ensure that all participants who need and want a Suitable Representative receive a commitment from a Suitable Representative." Inasmuch as there is no "final" plan at this time, it is axiomatic that the Court should refrain from determining whether a version of the plan that is still subject to modification does or does not violate the implied covenant of good faith and fair dealing.

DATED: November 14, 2022,

        STATE OF IDAHO
        OFFICE OF THE ATTORNEY GENERAL

        By: _/s/ Alan W. Foutz_
            ALAN W. FOUTZ
            STEVEN L. OLSEN
            SCOTT ZANZIG
            BRIAN V. CHURCH
            Deputy Attorneys General

        _Attorneys for Defendants_

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on November 14, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Richard Alan Eppink<br>reppink@acluidaho.org | James Piotrowski<br>james@idunionlaw.com |
| Aadika Singh<br>asingh@acluidaho.org | Marty Durand<br>marty@idunionlaw.com |

      /s/ *Alan W. Foutz*
      ALAN W. FOUTZ
      Deputy Attorney General