RAÚL R. LABRADOR
ATTORNEY GENERAL

Lincoln Davis Wilson, ISB# 11860
Chief of Civil Litigation & Constitutional Defense

Brian V. Church, ISB # 9391
brian.church@ag.idaho.gov
Alan W. Foutz, ISB #11533
alan.foutz@ag.idaho.gov
Deputy Attorneys General
514 W. Jefferson Street, 3rd Floor
P.O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073

    Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| K.W., by his next friend D.W, *et al.*, | Case No. 1:12-cv-00022-BLW |
| | (lead case) |
| Plaintiffs, | |
| vs. | Case No. 3:12-cv-00058-BLW |
| | |
| RICHARD ARMSTRONG, in his official capacity as Director of the Idaho Department of Health and Welfare, *et al.*, | **DECLARATION OF ALAN W. FOUTZ IN SUPPORT OF IDHW'S MOTION TO PRECLUDE DISSEMINATION OF THE SIS-A USER'S MANUAL TO CLASS MEMBERS** |
| Defendants. | |

    I, ALAN FOUTZ, declare as follows:

    1.    I am one of the attorneys of record for Defendants in this case and I make this declaration based upon my own personal knowledge.

2. Over the course of the last few months, I have had telephone conversations and email exchanges with attorneys representing American Association on Intellectual and Developmental Disabilities ("AAIDD"). During those conversations, counsel has conveyed AAIDD's position to me that it opposes any steps that will make the SIS-A User's Manual available to anyone other than trained assessors for the purpose of performing SIS-A assessment.

3. Attached hereto as Exhibit A is a true and correct copy of a letter dated September 22, 2021, from counsel for AAIDD to class counsel in response to class counsel requesting several documents, including the User's Manual.

4. Furthermore, attached hereto as Exhibit B is an email exchange between myself and counsel for AAIDD, wherein counsel informed me that "AAIDD cannot risk having AAIDD's essential SIS-A tool invalidated due to class counsel's demand in connection with this class action." Ms. Deng also referenced AAIDD's consideration of the next steps with respect to contract renewal with Liberty, and then requested written assurance that AAIDD's proprietary information would not be disclosed. To date, the Department has not been able to provide AAIDD with such written assurances.

5. Attached hereto as Exhibit C is a true and correct copy of an email from counsel for AAIDD, dated January 17, 2023, wherein counsel informed me that "AAIDD does not have arrangements in other jurisdictions that make the User's Manual available to SIS participants (other than the authorized assessors). The User's

Manual can only be used by qualified SIS assessors for its intended purpose—to conduct the SIS assessment."

6. I have also had multiple conversations with class counsel about the User's Manual. Most recently, I met and conferred with class counsel on January 24, 2023, about the User's Manual and made it clear to class counsel that a Court order to make the User's Manual available to any participant who wants access to it will immediately cause AAIDD to terminate its contract with Liberty Healthcare (the entity whose employees currently perform the SIS-A assessments), and thereby terminate the State's licenses to use the SIS-A.

7. Notwithstanding my informing class counsel of the ramifications of continuing to pursue access to the User's Manual, class counsel declined my request to give assurances that the plaintiffs would not seek access to the User's Manual. Also, I am aware that following our Status Conference with the Court on March 2, 2023, Lincoln Wilson met and conferred via telephone with Daniel Brown, during which Mr. Wilson sought assurances that the User's Manual would not be pursued any further. To date, counsel for the Department has not been informed of any change in Plaintiffs' position regarding the necessity of having access to the User's Manual or regarding Plaintiffs' intent to oppose the Department's request to brief these issues in an expedited manner.

8. Attached hereto as Exhibit D is an email dated February 16, 2023, wherein the Director of Assessment Programs for AAIDD informed Liberty's Executive Director for the Idaho Independent Assessment Program that "AAIDD's

preference is to wait to see what the pending litigation outcome will be before we begin discussing and sharing SIS-A 2nd Edition materials."

9. I have reviewed the SISOnline Master Agreement between Liberty Healthcare Corp. and AAIDD dated October 1, 2021, whereby AAIDD grants to Liberty the licenses necessary to conduct SIS-A assessments on behalf of the Department. That Agreement provides, on page 5:

> The term of this Agreement including Schedules A and B shall be for 21 months from October 1, 2021, through June 30, 2023. If not terminated this Agreement shall be renewed automatically for successive periods of one (1) year thereafter. If either party wishes to terminate this Agreement at the end of the initial or any subsequent term, written notice must be provided to the other party of its intention not to renew not less than sixty (60) days prior to the end of the current term.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated March 7, 2023.

                                              */s/ Alan W. Foutz*
                                              ALAN W. FOUTZ

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 7, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Richard Alan Eppink
reppink@acluidaho.org

James Piotrowski
james@idunionlaw.com

Marty Durand
marty@idunionlaw.com

      /s/ *Alan W. Foutz*
      ALAN W. FOUTZ
      Deputy Attorney General