RAÚL R. LABRADOR
ATTORNEY GENERAL

Lincoln Davis Wilson, ISB # 11860
Chief of Civil Litigation & Constitutional Defense

Brian V. Church, ISB # 9391
brian.church@ag.idaho.gov
Alan W. Foutz, ISB #11533
alan.foutz@ag.idaho.gov
Deputy Attorneys General
514 W. Jefferson Street, 3rd Floor
P.O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| K.W., by his next friend D.W, *et al.*,<br><br>Plaintiffs,<br>vs.<br><br>RICHARD ARMSTRONG, in his official capacity as Director of the Idaho Department of Health and Welfare, *et al.*,<br><br>Defendants. | Case No. 1:12-cv-00022-BLW (lead case)<br><br>Case No. 3:12-cv-00058-BLW<br><br>DECLARATION OF ALENA VAZQUEZ IN SUPPORT OF IDHW'S MOTION TO PRECLUDE DISSEMINATION OF THE SIS-A USER'S MANUAL TO CLASS MEMBERS. |

I, ALENA VAZQUEZ, declare as follows:

1. I am a Research and Policy Associate for Human Services Research Institute ("HSRI"), which is the entity hired to assist the Idaho Department of Health and Welfare ("the Department") develop and implement a new resource

- 1 -

allocation model for the Medicaid adult development disability program as a component of this case. I have worked directly with the Department in the implementation of the new resource allocation model since July 10, 2016, and I make this declaration based upon my own personal knowledge.

2. In November 2016, a workgroup composed of representatives from Idaho's Children's Developmental Disability Services, Adult Developmental Disability Services, Office of Medicaid, Office of Attorney General, Liberty Healthcare, the American Civil Liberties Union of Idaho (ACLU, which included class counsel in this matter), Disability Rights Idaho (DRI), and the Developmental Disabilities Council, met to discuss and evaluate potential assessment tools – facilitated by HSRI team members.  HSRI then presented the group with information on the three tools being reviewed: Supports Intensity Scale-Adult (SIS), Inventory for Client and Agency Planning (ICAP), and interRAI. Subgroups reviewed each of the tools using the assessment criteria and then reconvened to discuss and determine final scores. HSRI produced a report outlining the review process which identified the SIS-A as the tool best equipped to meet Idaho's need for assessing individual support needs.  Based on the workgroup's review and recommendation of potential assessment tools, discussions with HSRI, and internal considerations, the Department chose to implement the SIS-A as the tool it will use to assess the needs of Medicaid eligible adults.

3. Attached hereto as Exhibit A is the Resource Allocation Model Final Report ("Final Report") that I was instrumental in preparing for the Department.

Pages 23 through 28 of the Final Report for a more thorough description of the process of selecting the SIS-A.

4. The SIS-A is being used in twenty-six (26) different states and Canadian provinces and has had its psychometric properties documented in peer reviewed journals around the world (see, Exhibit A, pages 27 – 28).

5. Although accommodations can be made to the process of administering the SIS-A, great effort is taken by AAIDD to ensure the tool is administered in a uniform and reliable manner. AAIDD assessors go through a multi-day training, and complete inter-rater reliability testing before they are approved to administer this tool. Assessors are then periodically recertified to ensure they continue to administer the assessment as required. Allowing individuals receiving services and their families to have access to the User's Manual, which was developed and intended for use by the assessor to support their ability to complete the assessment as instructed, is a large deviation from standard practice. In fact, I am personally unaware of any other jurisdiction where this has been requested or occurs.

6. Following selection of the SIS-A, HSRI then developed a five-level framework where participants are assigned to a support level that is consistent with their support needs as identified by the SIS-A. Levels 1, 2, and 3 include people with low, moderate, and high general support needs, respectively. Level M is for people with extraordinary medical support needs, and Level B is for those who have extraordinary behavioral support needs. Individuals assigned to Level M or Level B may have general support needs that would have placed them into Levels 1,

2, or 3; however, their level assignment is based on their extraordinary medical or behavioral support need, not on their SIS-A results. Pages 29 through 35 of Exhibit A explain how these support levels were developed.

7.  As set forth in the proposed Notice, a participant's raw score is converted to a "standard score," which is used to place participants in a "support level" that reflects their supports needs. Each support level will have a set of services, called a "model mix" which is the mechanism to develop the budget that will be available to participants.

8.  The budget participants will have access to is calculated by multiplying the amount of the service (usually the number of hours per year the participant will need the service) by the applicable rate schedule and adding the cost of all those services together for each level by living setting. These model mixes are not prescriptive, meaning that participants have the freedom to use the budget that is determined for whatever combination of services within the array they determine will best meet their needs via the person-centered planning process.

9.  It is also important to note that a number of services that a participant may obtain under the waiver or 1915(i) state plan are not accounted for within the model mixes. This is by design as this group of "health and safety services" will be made available to any participant who both requests and meets the criteria for that service. The cost or value of these services will not be deducted from the individuals budget as outlined within the new resource allocation model.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated March 7, 2023

                                                            _____
                                                            ALENA VAZQUEZ

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 7, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Richard Alan Eppink
reppink@acluidaho.org

James Piotrowski
james@idunionlaw.com

Marty Durand
marty@idunionlaw.com

                                          /s/ *Alan W. Foutz*
                                          ALAN W. FOUTZ
                                          Deputy Attorney General