UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| K.W., by his next friend D.W., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD ARMSTRONG, et al.,<br><br>Defendants. | Case No. 1:12-cv-00022-BLW (lead case)<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

This case settled years ago, but the Court retained jurisdiction to enforce the parties' class-action settlement agreement. On November 20, 2023, plaintiffs filed a Motion for Civil Contempt Remedies to Enforce the Settlement Agreement. *See* Dkt. 605. The motion is supported by a 23-page memorandum and voluminous declarations and exhibits. Defendant Idaho Department of Health & Welfare (IDHW) responded by filing a short motion to strike – arguing that the contempt motion is premature.

Under the governing rules, IDHW's response to the contempt motion is due December 11, 2023. Defense counsel asks for an extension, which would allow the Court to first decide IDHW's later-filed motion to strike the contempt motion. Plaintiffs object to anything other than a short, two-week extension.

MEMORANDUM DECISION AND ORDER - 1

For the reasons explained below, the Court will grant IDHW an extension through and including January 16, 2024 to file its response to the contempt motion. Realistically, the Court likely will not be able resolve the motion to strike before that January 16, 2024 deadline—meaning that there will be some overlap in the briefing. But given how long this matter has been pending, the Court is not willing to grant the extension defense counsel has requested.

## DISCUSSION

A motion to extend a deadline must be based upon a showing of "good cause." Dist. Local R. Civ. 6.1(a). The Court finds good cause for an extension based upon the following:

(1) Defense counsel is relatively new to this case. Attorney James Craig entered an appearance in this case on October 6, 2023. *See* Dkt. 600.

(2) The other attorney who will be working on this case – and the one who will have primary responsibility for pulling together a response to the contempt motion – did not begin working for the Department until November 27, 2023, which is after the contempt motion was filed.[1]

(3) The contempt motion itself is lengthy, complex, and supported by

---

[1] IDHW indicated that this person began work on "Monday, November 25, 2023." *Motion,* Dkt. 610, at 2. November 25 2023, is a Saturday, however, so the Court assumes that this attorney began working on Monday, November 27, 2023.

**MEMORANDUM DECISION AND ORDER - 2**

multiple exhibits and declarations.

(4) The briefing schedule, as extended, comes in the middle of two major holidays.

The Court is loath to grant such a lengthy extension. Like the plaintiffs, the Court is anxious to see forward progress on this case, which is one of the oldest on the Court's docket. But, practically speaking, the quality of the briefing will improve if counsel has sufficient time to research the relevant facts and legal authorities, and better briefing logically will lead to a better decision from this Court. Further, although there is certainly some merit to defense counsel's position that the Court should first resolve the motion to strike, the Court is not willing to grant an extension such that the briefing deadline on the contempt motion would not begin until the court decides the motion to strike. Accordingly, defense counsel will need to brief the contempt motion before the motion to strike is resolved.

## ORDER

**IT IS ORDERED that** IDHW's Motion for an Extension (Dkt. 610) is **GRANTED** to the extent that its deadline to respond to the pending motion for civil contempt is extended through and including **January 16, 2024.**

DATED: December 8, 2023

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 3