UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| K.W., by his next friend D.W., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD ARMSTRONG, in his official capacity as Director of the Idaho Department of Health and Welfare, *et al.*,<br><br>Defendants. | Case No.  1:12-cv-00022-BLW<br><br>**MEMORANDUM DECISION & ORDER RE MOTION TO STRIKE CONTEMPT MOTION** |

## INTRODUCTION

On November 20, 2023, plaintiffs filed a motion seeking to hold defendants in contempt for failing to comply with the parties' 2016 Class Action Settlement Agreement. The Idaho Department of Health & Welfare (IDHW)'s response is due January 16, 2024, but it asks the Court to either strike the contempt motion or hold it in abeyance because plaintiffs failed to meet and confer. *See* Dkt. 607. For the reasons explained below, the Court will grant the motion to the extent that it will deny the contempt motion without prejudice to plaintiffs' refiling that motion after the parties have complied with the dispute-resolution procedures set forth in in the Settlement Agreement.

# DISCUSSION

Under the parties' Settlement Agreement, class counsel and defense counsel agreed to meet and confer before either side could initiate a court proceeding alleging the other side had breached the terms of the agreement. The relevant provisions are as follows:

**L.**  **Noncompliance Procedure**

1) With the exception of conditions or practices that pose an immediate and serious threat to the life, health, or safety of a class member, if a Party believes that an opposing Party has failed to fulfill any obligation under this Agreement, such Party shall, prior to initiating any court proceeding to remedy such failure, give written notice to the alleged noncompliant Party which, with specificity, sets forth the details of the alleged noncompliance.

2) With the exception of conditions or practices that pose an immediate and serious threat to the life, health, or safety of a class member, the Party against whom noncompliance is alleged shall have 14 days from the date of such written notice to respond to the opposing Party in writing by denying that noncompliance has occurred, or by accepting (without necessarily admitting) the allegation of noncompliance and proposing steps that such Party will take, and by when, to cure the alleged noncompliance.

3) If Plaintiffs or Defendants fail to respond within 14 days, the

Party alleging noncompliance may seek an appropriate judicial remedy.

4) With the exception of conditions or practices that pose an immediate and serious threat to the life, health, or safety of a class member, if the Party against whom noncompliance is alleged denies such noncompliance, or if that Party timely responds and there is still a dispute between the Parties about noncompliance, the Parties will commence the dispute resolution procedures outlined in Section V.M. below.

**M.**    **Dispute Resolution**

1) **Parties Will Continue to Confer**. The Parties agree that, during the term of this Agreement, they will continue to engage in good faith negotiations regarding all terms and conditions of this Agreement.

2. **Dispute Resolution Procedure**. In all cases where the terms of this Agreement require or allow the Parties to follow dispute resolution procedures, class counsel and Defendants' counsel shall meet and confer in person at a mutually agreeable time and place and use their good-faith, best efforts to discuss and resolve the dispute. If the Parties are unable to resolve the dispute within 14 days, or another time frame mutually agreeable to the Parties, either Party may file an appropriate motion with the Court in this matter to address the issue(s) or dispute(s) that could not be resolved through the dispute resolution procedures.

*Settlement Agmt.*, Dkt. 306-1.

**DISCUSSION**

As noted above, the issue presented by this motion is straightforward: Did plaintiffs' counsel comply with the agreed-upon dispute-resolution procedures before filing their contempt motion? Defense counsel says they were blindsided by the contempt motion because plaintiffs neither provided the requisite, specific written notice of non-compliance nor did they follow up with the required in-person meet-and-confer. Plaintiffs' counsel has a different point of view. They say that "in the entire 12-year history of this case, there is no issue that the two sides have met and conferred about more extensively than Defendant's failure to implement a resource allocation tool . . . ." *Response,* Dkt. 616, at 1-2. The Court has reviewed the docket activity in this case for the past four-plus years as well as the declarations and exhibits filed in connection with the motion to strike. After having reviewed these materials, the Court agrees with IDHW and finds that plaintiffs failed to comply with the dispute-resolution procedures before filing their contempt motion.

There is no denying that the parties have had numerous discussions regarding the implementation of the Settlement Agreement. Those discussions date back to at least 2019, and the fact that IDHW ultimately did not meet the June 2022 reasonable-completion deadline was eventually folded into the parties' ongoing discussions. But as IDHW points out, there has been significant motion

practice, interspersed with Court rulings, between 2019 and the November 2023 filing of the contempt motion. Plus, plaintiffs cannot point to the specific, written notice required under Section V.L. of the Settlement Agreement, which means they cannot rely on the parties' various settlement-related discussions to serve as the requisite in-person meeting.

The Court will not detail every event that has occurred between 2019 and today which persuades it that plaintiffs filed their motion without complying with the Settlement Agreement. But it will note the following:

(1)     **Communications Related to this Court's December 2020 Ruling**

Plaintiffs partly support their argument that they have satisfied the dispute-resolution procedures by pointing back to the notice—and the follow-on meet-and-confer efforts—that preceded this Court's December 2020 ruling. But plaintiffs cannot rely on that notice or the related meet-and-confer efforts to support their contempt motion (filed some four years later) because the earlier dispute was different and, more to the point, the Court resolved that earlier dispute in December 2020, when it established a June 2022 reasonable-completion deadline. After that ruling, if plaintiffs wanted to litigate compliance with the newly established reasonable-completion deadline, they would need to once again engage in the dispute-resolution procedures set up in the Settlement Agreement.

The Court also notes that while plaintiffs frame the current issue (the issue

raised in the contempt motion) as the same one that was raised in 2019, that's not quite right. In 2019, plaintiffs could not logically complain about a contractual failure to meet a deadline (which is what their current complaint is), because there was no deadline in place at that point. Instead, the Settlement Agreement set up a series of action steps with an *estimated* completion date. *See Settlement Agmt.*, Dkt. 306-1, ¶ V.A.2. The Settlement Agreement also set up a mechanism for having the Court set a reasonable completion deadline if the parties could not agree. *Id.* And that is precisely what happened: After the parties could not agree upon an appropriate reasonable-completion deadline, plaintiffs filed a motion, and the Court resolved the issue by establishing June 30, 2022 as the reasonable-completion deadline. *See* Dkt. 429.

It's also useful to look back on these communications because the clarity of the notice that preceded the 2019/2020 round of motion practice contrasts with the lack of a specific notice preceding the currently pending contempt motion.

(2)     **Communications During the Fall of 2022**

Plaintiffs also point to August 2022 correspondence between the parties as well as subsequent in-person meetings. *See Response,* Dkt. 616, at 4-5. Once again, though, and in marked contrast to the earlier, specific notice that was provided, plaintiffs cannot point to a specific notice that plainly initiated the meet-and-confer process called for by the Settlement Agreement. In addition, the communications

that were taking place in the fall of 2022 should need to be placed in context. At that time, the parties were engaging in ongoing efforts to implement the settlement agreement. Further, a few months earlier (roughly three months before the June 2022 completion deadline), the parties had informed the Court, the passage of the American Rescue Plan had "greatly reduced the urgency" of some of class counsel's concerns. *See Status Report,* Dkt. 478, at 5. In general then, during this time frame, the parties were focused on resolving a variety of issues in connection with implementing the settlement agreement—not litigating a contempt motion.

One development during this time frame is significant as it dealt with a *potential* contempt motion. In their November 2022 status report, plaintiffs indicated there was a need for further discovery. During the follow-on, January 2023 status conference, IDHW agreed that some limited discovery would be necessary. Given that agreement, the Court asked the parties to submit a stipulated discovery plan. The parties could not agree on the scope of discovery, however, so they submitted competing (rather than stipulated) litigation plans. Plaintiffs wanted to push forward with discovery on two fronts: First, they wanted to conduct discovery related to implementation of the settlement agreement. Second, and as is particularly relevant here, they wished to simultaneously conduct discovery aimed at teeing up a contempt motion. *See* Dkt. 534, at 3. IDHW disagreed, arguing that discovery should remain focused on implementing the settlement agreement. The

Court agreed with IDHW, stating:

> the Court is persuaded by Defendant's argument that, at this time, the focus should be on implementing the settlement agreement rather than litigating noncompliance. *Plaintiffs' plan to engage in contempt proceedings will need to be addressed later, on a less expedited schedule, after the Court has resolved issues specific to implementing the settlement agreement*

*Feb. 28, 2023 Order,* Dkt. 534, at 1 (emphasis added). Thus, from the Court's perspective, the idea of a contempt motion was taken off the table at that point and analytically separated from the ongoing discussions related to implementation of the settlement agreement. That lends some tangential support to IDHW's contention that they were blindsided by the contempt motion. Further, given that the Court resolved the particular issue that had arisen—which was whether to reopen discovery, in part for the purpose of litigating a contempt motion—it stands to reason that if the parties had a subsequent dispute they would need to go through the meet-and-confer process.

Plaintiffs also point out that during a January 2023 hearing, the Court determined it would hold a hearing to decide upon an implementation plan. Plaintiffs describe this January 2023 hearing as "the culmination of the dispute resolution procedure based on all previous communications." *Reply,* Dkt. 620, at 3. Thus, according to plaintiffs, the dispute-resolution procedures in the Settlement Agreement "require new written notice to the Defendants, and a new meet and

confer, before the Plaintiffs can ask for Court intervention." *Id.* The Court agrees with that assessment.

For all these reasons, the Court will grant the pending motion to the extent that it will deny the contempt motion without prejudice to it being renewed after the plaintiffs have complied with the dispute-resolution procedures in the Settlement Agreement.

## ORDER

**IT IS ORDERED that:**

1) Defendants' Motion to Strike (Dkt. 607) is **GRANTED** to the extent that the Court will deny the pending contempt motion without prejudice to refiling after the parties have engaged in the dispute-resolution procedures laid out in the Settlement Agreement. As such, IDHW is not obligated to respond to the contempt motion at this time.

2) Plaintiff's Motion for Civil Contempt Remedies (Dkt. 605) is **DENIED WITHOUT PREJUDICE**.

DATED: January 10, 2024

B. Lynn Winmill
U.S. District Court Judge