**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

K.W., by his next friend D.W, *et al.*,

Plaintiffs,

vs.

RICHARD ARMSTRONG, in his official capacity as Director of the Idaho Department of Health and Welfare, *et al.*

Defendants.

Case No. 1:12-cv-00022-BLW (lead case)

**STIPULATED MOTION FOR THE APPOINTMENT OF A SPECIAL MASTER**

COME NOW the parties, by and through undersigned counsel, and hereby jointly move for, and stipulate to, the appointment of a special master in this matter to assist with the implementation of the Class Action Settlement Agreement. The parties believe that a Special Master can help expedite the full implementation of the Class Action Settlement Agreement, and therefore request that the Court appoint a special master according to the following terms:

**1.** There shall be a Special Master in this case, who shall be appointed by and serve as provided for in this Order.

**2.** The Special Master shall assist with the adoption and implementation of a new resource allocation model as required under § V.A of the Class Action Settlement Agreement (the "CASA"), including all Action Steps and class member and stakeholder involvement. The Special Master shall have the authority to facilitate and achieve compliance with CASA § V.A.

**3.** The Special Master shall serve solely the Court and the interests of justice. The Special Master shall not be employed or otherwise retained by any of the parties in any

capacity except as provided for in this Order.

**4.** The Special Master Shall Proceed with all reasonable diligence in fulfilling her responsibilities.

**5.** The Special Master shall serve as long as necessary to achieve compliance with CASA § V.A.

**Qualifications and Appointment**

**6.** The Special Master and any candidate proposed to replace the Special Master shall have significant experience with people with developmental and intellectual disabilities, including experience working directly with and communicating with diverse groups of people like the class members here.

**7.** The Special Master and any candidate proposed to replace the Special Master must be familiar with the federal Medicaid program and state administration of Home and Community Based Services programs within it.

**8.** The Special Master and any candidate proposed to replace the Special Master must have the capacity to oversee complex implementation of a new resource allocation system.

**9.** The Special Master and any candidate proposed to replace the Special Master shall be independent from IDHW and class counsel (see also Fed. R. Civ. P. 53(a)(2)).

**10.** If the parties do not agree on a person to be appointed Special Master, they shall each submit a list of three nominees to the Court, along with supporting curricula vitae. These nominees shall be supplied within sixty days of the date of this order, or of any later date on which the Court notifies the parties of the need for a successor Special Master. Each party shall then have

thirty days to comment on the list of candidates nominated by the opposing party. The Court will then appoint a Special Master from the lists of nominees presented.

**Responsibilities**

**11.** The Special Master shall work with class members and representatives, class counsel, and the Idaho Department of Health and Welfare and their legal counsel, and contractors, to achieve compliance with CASA § V.A.

**12.** The Special Master will be responsible for, in collaboration with class members, class counsel, and IDHW and their legal counsel, identifying a plan to implement a new resource allocation system for the DD services program.

**13.** The Special Master will be responsible for recommending a timeline and final deadline for implementation. After receiving and considering the Special Master's recommendation and the views of the parties, the Court shall then enter an order setting a final deadline for implementation.

**14.** The Special Master shall answer any questions and produce any records reasonably requested by class counsel or IDHW's counsel within 30 days; questions shall be answered, and requests fulfilled. The Special Master will provide class counsel and IDHW's counsel with regular updates concerning all of her work, at least every thirty days. The Special Master's communications with IDHW staff, contractors, and subcontractors, with HSRI staff, contractors, and subcontractors, or with counsel for any party shall be subject to disclosure to counsel for any other party upon request; the parties agree that no privilege or other protection from disclosure shall apply to those communications.

**15.** The Special Master shall also provide quarterly reports to the parties and the

Court on the status of the Action Steps listed in CASA § V.A. These reports shall also evaluate the pace of Defendants' action towards achieving compliance. assessments of the parties' efforts, barriers to IDHW's compliance, areas of noncompliance, and information on the transparency of class member access to details of any contemplated assessment tools and budgeting criteria and processes.

**16.** The Special Master shall encourage engagement and active involvement of class members, their guardians, and other community stakeholders. The Special Master shall also report to class members, their guardians, and community stakeholders on the status of the development of the new resource allocation model and the plans for regular testing and to obtain Suitable Representative commitments. The Special Master shall also solicit comments from class members, their guardians, and other community stakeholders at least once every 60 days. All communications from the Special Master to class members shall use clear language and layout, appropriate to the circumstances of class members and their guardians. The Special Master shall solicit feedback from the class on any contemplated assessment tool or budgeting criteria or process prior to making any final decisions or recommendations about them.

**17.** The Special Master shall actively engage with IDHW and their legal counsel and contractors to create a new assessment system and resource allocation model in line with CASA § V.A. IDHW and their legal counsel and contractors shall provide all reports, information, data, and plans reasonably related to this function. All information, data, plans, and reports submitted to the Special Master shall be made available to all parties to this action.

**18.** The Special Master's written recommendations and findings may be introduced into evidence by any party and the Special Master may be called to testify as a witness

by any party or by the Court.

**19.** The Special Master also has the authority to make recommendations *sua sponte* (on her own) with regard to implementation of CASA § V.A. Such recommendations will include, where necessary, timetables for implementation of steps or measures necessary to bring the defendants into compliance. Such recommendations may be used as evidence in Court.

**20.** The Special Master shall have access to all facilities, records, documents, information, programs, residential settings and persons affected by or involved in compliance with the remaining provisions of CASA § V.A. The parties and the Special Master shall cooperate to ensure access to information and obtain any necessary court orders to that end, including modification or entry of protective orders sufficient under HIPAA and federal Medicaid law to ensure the Special Master's access.

**21.** The Special Master may make other recommendations and reports as appropriate.

**22.** The Special Master may take all appropriate measures to perform the assigned duties fairly and efficiently.

**23.** The Special Master shall not have the authority referenced in FRCP 53(c) to conduct evidentiary hearings, exercise the court's power to compel, or impose noncontempt sanctions provided by FRCP Rule 37 or 45.

**<u>Term</u>**

**24.** The Special Master shall commence her duties immediately but no later than thirty days from the date of her appointment.

**25.** The Special Master shall not be subject to dismissal except for good cause.

Any party may petition the Court for dismissal or replacement of the Special Master upon thirty days' notice to the Court and opposing counsel.

**26.** Upon the Special Master's resignation, disability, or termination for cause, the parties shall consult one another in an effort to reach agreement about the replacement of the Special Master.

**27.** If the parties do not agree on a person to be appointed Special Master, they shall follow the process described above for the appointment of a Special Master.

**Payment**

**28.** Defendants shall pay all fees and reasonable expenses of the Special Master and shall pay for necessary clerical and professional support. The Special Master shall be reimbursed for reasonable and necessary expenses incurred in the discharge of her duties and responsibilities. The compensation and expenses for the Special Master shall be subject to approval by the Court.

**29.** Special Mastering expenses may include, but are not limited to, fees and expenses of expert consultants, travel expenses, transcriptions, copying fees, and office and clerical expenses.

**30.** The Special Master shall have the authority to conduct inquiries and consult with professionals to assist in finding facts relevant to compliance with the remaining provisions of CASA § V.A.

**Limited Resolution**

**31.** The appointment of a Special Master imposes no additional dispute resolution duties on the parties beyond those outlined in CASA §§ V.L.–V.M.

**32.** This Stipulation will not affect any rights, claims, or defenses that the parties

may have had prior to the signing of the Stipulation with respect to the duties, activities, and expenditures of the Special Master.

**33.** Neither this order nor the appointment of a Special Master in any way limits or removes any right any party already has under the CASA or applicable law. Neither this order nor the appointment of a Special Master shall be construed to impose any additional requirements or procedures for any party to bring a motion before the Court except for the notice required in paragraph 22, above, before petitioning for dismissal or replacement of the Special Master.

DATED: August 15, 2024

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL

By: /s/ James E.M. Craig
JAMES E. M. CRAIG

ACLU OF IDAHO FOUNDATION

/s/ Richard Eppink
Richard Eppink

/s/ Paul Carlos Southwick
Paul Carlos Southwick

/s/ Emily Myrei Croston
Emily Myrei Croston

SHEPPARD, MULLIN, RICHTER, & HAMPTON, LLP

/s/ Daniel L. Brown
Daniel L. Brown

/s/ Katherine Anne Boy Skipsey
Katherine Anne Boy Skipsey

PIOTROWSKI DURAND, PLLC

/s/ James M. Piotrowski
James M. Piotrowski

/s/ Marty Durand
Marty Durand

*Attorneys for Plaintiffs*