UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| K.W., by his next friend D.W., *et al.*,<br><br>      Plaintiffs,<br>  v.<br><br>ALEX J. ADAMS, in his official capacity as Director of the Idaho Department of Health and Welfare, *et al.*,<br><br>      Defendants. | Case No.  1:12-cv-00022-BLW<br><br>**MEMORANDUM DECISION & ORDER** |

## INTRODUCTION

Before the Court is Defendant's Motion to Reconsider. *See* Dkt. 655. The Court will deny the motion. As will be explained below, Defendant has not: (1) shown that that the Court committed clear error or made a manifestly unjust decision; (2) presented newly discovered evidence or pointed to an intervening change in controlling law; and (3) demonstrated any other highly unusual circumstance that would warrant relief.

## BACKGROUND

On March 31, 2025, the Court found Defendant, the Idaho Department of Health & Welfare, in contempt because it had breached the terms of a court-approved, class-action settlement agreement. Under that agreement, the Department was obligated to implement a new budget tool by June 30, 2022. It failed to do so. To remedy this contempt, the Court directed the Department to reimburse class counsel's ordinary monitoring fees for a one-year period, beginning on March 31, 2025. The Department

**MEMORANDUM DECISION & ORDER - 1**

asks the Court to reconsider that order and to instead order the Department to pay zero dollars in post-settlement monitoring fees. Alternatively, the Department asks the Court to order it to pay a flat monthly rate (not to exceed $10,000 per month) during a one-year period.

## THE GOVERNING LEGAL STANDARD

The Department brings its motion under Federal Rules of Civil Procedure 59(e) and 60(b).

Rule 59 is not intended to provide litigants with a "'second bite at the apple.'" *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (citation omitted). Instead, reconsideration of a previous order under Rule 59(e) is an "'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani,* 342 F.3d 934, 945 (9th Cir. 2003) (citing 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). A losing party cannot use a motion for reconsideration as a means of litigating old matters or presenting arguments that could have been raised before the entry of judgment. *School Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993). As a result, there are four traditional grounds upon which a motion for reconsideration may be granted: (1) the motion is necessary to correct manifest errors of law or fact; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in the law. *Turner v. Burlington N. Santa Fe R.R.,* 338 F.3d 1058, 1063 (9th Cir. 2003) (citation omitted). That said, "[a] court considering a Rule 59(e) motion is not limited merely to these four situations."

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). "There may also be other, highly unusual, circumstances warranting reconsideration." *ACandS, Inc.*, 5 F.3d at 1263.

Rule 60(b) "'provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief.'" *Id.* (*quoting Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)). "Rule 60(b) is 'remedial in nature and ... must be liberally applied.'" *TCI Grp. Life Ins. v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001) (*quoting Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). But like Rule 59(e), Rule 60(b) relief is extraordinary and will not apply to a showing which does not justify its application. *See Stevens v. ITT Sys., Inc.,* 868 F.2d 1040, 1041 n.1 (9th Cir. 1989).

## DISCUSSION

The Department contends that the Court's "order for contempt against the Department and the relief granted creates unusual circumstances that will lead to manifest injustice.*" Mtn. Mem.*, Dkt. 655-1, at 5. The Court is not persuaded for the following reasons:

*First,* the Department says the order is manifestly unjust because every dollar spent on a fee award is a dollar than cannot be spent on other important programming. The Court is aware that the Department does not have an unlimited budget. But if it were to accept this logic, any fee award in any case involving the State of Idaho or any of its departments would be manifestly unjust.

**MEMORANDUM DECISION & ORDER - 3**

*Second,* the Department says class counsel is getting a windfall because plaintiffs agreed they would bear post-settlement monitoring fees. In other words, the Department complains that it isn't getting the benefit of its bargain. But the Department breached its obligations under the settlement agreement. So it's not manifestly unjust to order that it pay a portion of the post-settlement monitoring fees.

*Third,* the Department says the Court's order will incentivize class counsel to needlessly rack up fees, which, in turn, will lead to future litigation. This argument is premature and speculative. Class counsel is cabined by the Court's order indicating that only *reasonable* fees will be awarded. And while the parties have been litigious—it sometimes seems as though every issue in this case has been disputed—that does not mean the Court should throw up its hands and decline to enter an appropriate remedy after having found a party in contempt. If, in the future, the Court determines that class counsel is needlessly racking up fees, it will decline to award those fees. Likewise, if the Court concludes that plaintiffs are taking unreasonable litigation positions, it will consider appropriate relief. But, as noted, these arguments are premature and speculative at this point.

*Fourth,* the Department says the order is vague because nobody knows precisely what the phrase "ordinary monitoring fees" means. The problem here is that the parties repeatedly referred to "monitoring work" or "monitoring fees" when they briefed the underlying motion. *See, e.g., Motion Mem.,* Dkt. 629-1, at 18 (asking the court to order defendant to pay the fees for all of class counsel's monitoring work); *id.* at 19; *Response,* Dkt. 633, at 5 (noting that "Plaintiffs ask the Agreement to be modified to award them

**MEMORANDUM DECISION & ORDER - 4**

monitoring fees, even though this was not the bargain the parties struck"); *id.* at 20; *Reply,* Dkt. 634 at 7, 10. Likewise, the settlement agreement itself refers attorneys' fees related "relating to ordinary monitoring of and compliance with this Agreement . . . . ."[1] Until now, nobody has complained about the vagueness or imprecision of the phrase "ordinary monitoring." If the Department believed the term was too vague and imprecise, it easily could have raised the issue earlier. As Judge Posner has explained, a "motion under Rule 59(e) is not authorized to enable a party to complete presenting his case after the court has ruled against him." *In re Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (internal quotations omitted).

*Fifth,* the Department's alternative request for a flat, monthly award likewise could have been raised earlier. Litigants routinely raise alternative arguments in opposing motions, as in, "The Court should deny the motion, but if it's inclined to grant, it should at least do X." The Court likely would have been receptive to such an argument; after all,

---

[1] The full paragraph in which this phrase appears is as follows:

*The Parties agree to bear their own attorneys' fees and costs relating to ordinary monitoring of and compliance with this Agreement and any orders or judgment that the Court enters with respect to this Agreement.* However, either Party may petition the Court for an award of attorneys' fees and costs if the applicable dispute resolution or noncompliance procedures set forth in this Agreement fail and a motion, petition, or court decision or order therefore resolves a dispute arising under this Agreement (including disputes over approval, compliance, enforcement, interpretation, modification, clarification, or termination under the Agreement). As to any such claims for attorneys' fees or costs, the Parties agree that the 42 U.S.C. § 1988 standard for fee awards will apply, including as to whether fees may be assessed against Plaintiffs, whether a Party is a prevailing Party entitled to an award, and the appropriate amount of an award.

Dkt. 306-1, § N.2, at p. 33 (emphasis added).

**MEMORANDUM DECISION & ORDER - 5**

the Court did not award plaintiffs everything they requested because the Court was persuaded that a much less drastic remedy was appropriate under the circumstances. The Department's belated suggestion is creative and has many advantages, including providing predictability and stability for all concerned. But the problem is that the Department could have raised this alternative request earlier.

Finally, the Court has also considered the other arguments articulated in the briefing and finds none persuasive. In short, the Department has failed to satisfy the demanding standard applicable to motions for reconsideration. Accordingly, the Court will deny the motion.

## ORDER

**IT IS ORDERED that** Defendant's Motion for Reconsideration (Dkt. 655) is **DENIED.**



DATED: July 22, 2025

_____
B. Lynn Winmill
U.S. District Court Judge